THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
OSCAR SLEDGE, Appellant.

County Court, Rensselaer County, September 30, 1948.

*Earle J. Wiley, District Attorney (Richard E. Bolton* of counsel), for respondent.

*James S. Millea* for appellant.

HAMM, J. In the City Court of Rensselaer the defendant pleaded guilty to a charge arising out of an alleged violation of subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York. On his plea of guilty he was fined $25.

Thereafter he obtained an order from Mr. Justice WILLIAM H. MURRAY staying any proceedings by the Commissioner of Motor Vehicles for the suspension or revocation of his license or registration until determination of an appeal by this court.

The affidavit on which the stay was granted has been filed with the City Court of Rensselaer, a copy has been served on the District Attorney and this affidavit may be regarded as the affidavit of errors required to perfect an appeal by section

751 of the Code of Criminal Procedure. The magistrate has duly made his return and the return includes the information on which the judgment of conviction is based.

This information purports to be sworn to before a police officer. A police officer is not one of the officers mentioned in section 357 of the Civil Practice Act before whom oaths may be taken. In *Matter of Bennett* (258 App. Div. 368 [3d Dept., 1940]) it is stated at page 370; " An information is defined by statute as ' the allegation made to a magistrate, that a person has been guilty of some designated crime.' (Code Crim. Pro., § 145.) The statute is silent as to whether it must be made under oath, but judicial construction has supplied the omission, and so decreed. (*People ex rel Livingston* v. *Wyatt,* 186 N. Y. 383.) "

As the information is not made under oath as required by law, it is unnecessary to consider the other grounds for reversal urged in the affidavit of errors.

The judgment of conviction must be reversed on the law.