Lawrence EL Cooke, J.
This is an appeal from a judgment of the Court of Special Sessions, Town of Liberty, convicting defendant, after trial, of violating subdivision 3 of section 56 of the Vehicle and Traffic Law, a traffic infraction commonly known as speeding (Vehicle and Traffic Law, § 2, subd. 29).
The return and amended or further return indicate that the information was not sworn to by the informant before the Justice of the Peace in question, although the Justice apparently signed the jurat thereon at some time other than when the informant affixed his signature.
An information is defined by statute as ‘ ‘ the allegation made to a magistrate, that a person has been guilty of some designated crime ” (Code Crim. Pro., § 145). Judicial construction has decreed that such an information must be made under oath (People v. Scott, 3 N Y 2d 148, 151-152; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391; Matter of Bennett, 258 App. Div. 368, 370; People v. Sledge, 192 Misc. 934). The same requirements in regard to an oath should be observed in regard to ah *428 information charging a traffic infraction (People v. Scott, supra; People v. Orzechowski, 4 Misc 2d 484, 486; City of Buffalo v. Murphy, 228 App. Div. 279; City of Buffalo v. Neubeck, 209 App. Div. 386, 389; People v. Staples, 5 Misc 2d 619; People v. Fiore, 9 Misc 2d 468). As to an oath, whatever the form adopted, it must he in the presence of an officer authorized to administer it and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath (Bookman v. City of New York, 200 N. Y. 53, 56). Here, in this case, it appears without contradiction that the informant did not swear to or verify the information in the presence of or before the Justice. There was no waiver under sections 335 and 699 of the Code of Criminal Procedure. There was no valid oath and the information therefore must fall.
Conviction reversed, information dismissed and fine to be remitted. Submit order.