Louis G. Bruhn, J.
This is an appeal from a conviction after a plea rendered on the 29th day of July, 1959, by the Honorable Aaron E. Klein, City Judge of the City of Kingston, New York, convicting the defendant of violating subdivision 1 of section 1 of article 2 of the Traffic Code of the City of Kingston (speeding).
While the defendant alleges two errors as the basis of his appeal, upon the argument on appeal the second of such errors (that section 335-a of the Code of Criminal Procedure was *899 not complied with) was abandoned and reliance placed solely on the proposition that the instant information was not sworn to before an officer authorized by law.
The original information was signed by the arresting officer, Floyd Krom, and sworn to before Thomas Tomshaw, Sergeant of Police.
Section 74-b of the Vehicle and Traffic Law of the State of New York provides in part: “Where a traffic summons has been served by a peace officer in cases of violations of any provision of this chapter or of any ordinance, rule or regulation enacted pursuant thereto or pursuant to any other law relating to traffic, any chief, deputy-chief, captain, lieutenant or acting lieutenant of a police department * * * is hereby authorized to administer to such peace officer all necessary oaths in connection with the execution of the complaint to be presented in court by such peace officer in the prosecution of such offense.” (Italics supplied.)
In the first place, there now appears little question that an information, whether used as the basis for obtaining a warrant of arrest or as a pleading, must be verified. (People v. Scott, 3 N Y 2d 148, 152.)
Obviously, since the instant information was not sworn to before any officer provided for by such section, a jurisdictional defect is involved. (People v. Sledge, 192 Misc. 934; People v. Gade, 6 N. Y. S. 2d 1018, 1022.)
Disagreement existed for some time in the lower courts as to whether the absence of a verified information was a formal defect, which could be waived, or a jurisdictional defect, which could not be waived by a plea of guilty.
However, that question likewise has now been resolved since in People v. Scott (supra, pp. 152-153) the court stated in part:
“ In the present case, therefore, the question is whether the absence of a verified information is a formal or jurisdictional defect. Some earlier lower court decisions have held that it is a formal defect, which is waived by a plea of guilty * * * but authority may be found to the contrary * * *. Indeed, since our decision in People v. Jacoby [304 N. Y. 33] lower courts have taken the position that the requirement of a written information was not waived by a plea of guilty * * *.
“ The view of these later cases appears by far to be the sounder one.”
It should be borne in mind, however, that the Scott case (supra) held that the so-called “uniform traffic ticket” could not supplant a formal verified information where the charge involves a misdemeanor.
*900 It should also be borne in mind that, so far as waiver is concerned, the Scott case limits its holdings to charges involving misdemeanors rather than traffic infractions or ordinances not involving misdemeanors since at page 153 the court stated: “ The requirement that a prosecution for misdemeanor be based upon a sworn information (unless, of course, made by a District Attorney) is an essential guarantee to a defendant of a fundamental right, namely, that he be not punished for a crime without a formal and sufficient accusation, and this right may not be waived by a plea of guilty”. (Italics supplied.)
As further evidence of its intent to limit its holding, the court at the same page stated: “It should be noted that City of Buffalo v. Murphy [228 App. Div. 279, 286] involved the violation of a city ordinance not amounting to a misdemeanor ”.
This court is aware of the fact that in 1955 (L. 1955, ch. 78) the Legislature amended sections 335 and 669 of the Code of Criminal Procedure.
In the opinion of this court, those amendments do not aid the instant defendant for two reasons.
In the first place, section 335 excepts a case, such as the one in question, involving a second or subsequent speeding violation committed within a period of 18 months and could not have been utilized by him.
In the next place, the apparent legislative intent of the amendment was not to change the existing law with regard to waiver after a plea of guilty but rather to provide a more convenient vehicle for the disposition of certain traffic infractions in specified areas of the State.
Therefore, since there appears no legislative mandate to change the existing law and since the Court of Appeals has not yet seen fit to extend the doctrine of waiver to charges involving less than misdemeanors, it is the conclusion of this court that the defendant by his plea of guilty waived the error complained of.
For the reasons stated, the conviction appealed from is confirmed.
Submit order.