Raymond J. Mino, J.
Defendant appeals from a judgment of the Court of Special Sessions, Town of Shandaken, Ulster County, convicting him, after trial, of violating section 233-a of the Conservation Law of the State of New York.
One of the grounds alleged for reversal of the conviction is that the information was not properly sworn to before the Magistrate. The return indicates that the complainant, a game protector employed by the Department of Conservation of the *38 State of New York, prepared the information and signed it in the presence of the Justice of the Peace. The signature of the Justice of the Peace appears following the printed words, “ Sworn to before me this 23rd day of November, 1961 ”. Upon cross-examination of the complainant the following appears:
Mr. Curran: Now, this conversation was before you made out the information?
Mr. Bernstein : Yes, sir.
Mr. Curran : Was it in the presence of Justice Malloy?
Mr. Bernstein: Yes.
Mr. Curran: In fact, was it in this room?
Mr. Bernstein : Yes, sir.
Mr. Curran: Were any words spoken by you at that time of the signing of the information?
Mr. Bernstein : I don’t understand the question, what do you mean ?
Mr. Curran: When you signed the information, or after you signed, was any word spoken regarding the facts in this — regarding the information?
Mr. Bernstein : Not that I recall. I still don’t understand the question.
Mr. Curran : Did you just sign the information and hand it to the Judge, or did you say any words ?
Mr. Bernstein: As nearly as I recall, I wrote the information up and handed it to the Judge.
Mr. Curran: And that was it?
Mr. Bernstein: Yes, sir.
The defendant contends that this record discloses a failure to administer an oath and that, therefore, the information was not properly sworn to and is not under oath as required.
Section 145 of the Code of Criminal Procedure defines an information as, “the allegation made to a magistrate, that a person has been guilty of some designated crime ’ ’. An information must be made under oath. (People v. Semonite, 18 Misc 2d 427; People v. Scott, 3 N Y 2d 148; People ex rel. Livingston v. Wyatt, 186 N. Y. 383; People v. Sledge, 192 Misc. 934.) To make a valid oath it must be made in the presence of an officer authorized to administer it and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath. (O’Reilly v. People of State of New York, 86 N. Y. 154; Bookman v. City of New York, 200 N. Y. 53; People v. Semonite, supra.)
The question in this case is whether the mere delivery of written words, signed by the complainant in the presence of the Justice of the Peace, to the Justice of the Peace for his signature constituted an oath taken and was a sufficient unequivocal and present declaration that the complainant swore to the truth of his statement. In O’Reilly v. People of State of Newe York (supra) where the evidence tended to prove that no words passed between the officer and the affiant and what was done consisted *39 only of the affiant’s signature to the jurat, which he thereupon handed to the officer who affixed his own name in silence, the court said (pp. 161-162): “ The fundamental difficulty, whether the affidavit be delivered in either mode, seems to us to be that the act of delivery is equivocal, and just as consistent with an intention not to swear, though appearing to have been sworn, as with an intention to assume the obligation of an oath * * *. To make a valid oath, for the falsity of which perjury will lie, there must be in some form, in the presence of an officer authorized to administer it, an unequivocal and present act, by which the affiant consciously takes upon himself the obligation of an oath. The delivery in this case of the signed affidavit to the officer was not such an act, and was not made so by the intention of the one party or the supposition of the other. ’ ’
The court believes that to have a valid oath to an information there must be some outward formality, some manifestation of the intention to place the affiant under the penalty and obligation of an oath. There must be some evidence that the affiant was conscious that he was taking an oath; that is, there must be not only the consciousness of the affiant that he was taking an oath but there must be some outward act from which the consciousness can be definitely inferred.
This cannot be accomplished by merely appearing before a magistrate and signing a criminal information without more. The act of signing the information does not constitute swearing to it.
It is not disputed that the return and record in this appeal discloses that nothing was done except to have the complaining witness, without more, merely subscribe his name to the information. Such does not constitute an information under oath.
The conviction is reversed and the information is dismissed.