John H. Galloway, Jr., J.
Defendant appeals from a judgment of conviction of speeding in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law rendered by the Court of Special Sessions of the Village of Briarcliffi Manor (Nicol, J.), after trial without a jury on November 1, 1963. He was sentenced to pay a fine of $20, which he paid.
One of the grounds urged for reversal of the conviction and dismissal of the information is that the information was jurisdietionally defective in that it was not sworn to by the complaining police officer prior to defendant’s trial.
It appears from the return that it was not until the close of the People’s case, upon cross-examination of the complaining *941 witness, McHenry, that the simplified traffic information was not sworn to before a Magistrate or other officer authorized to administer the oath. The speeding complaint, returnable on September 6,1963, was issued on September 5, and on that day signed by the arresting officer, who testified he had not seen the information again until he testified at the trial on November 1. He was not present in court when defendant was arraigned thereon on September 13, under which date the signature of Police Justice John Nicol appears on a line beneath the printed form of jurat. The police officer testified that ‘ ‘ It was tonight that I swore to the testimony I am giving. * * * I signed that complaint the 4th of September. I made the information out and put it in the basket ’ ’. In response to the question: “ Did you swear to it [the information] before whom? ”, the officer testified “ the only thing I swore to was my testimony I am giving”. At this juncture the learned Trial Justice had this colloquy with the officer witness: “ Q. Are the facts in the information correct? A. Yes, sir. Q. Do you swear to this information? A. Yes, sir ”.
Section 207 of the Vehicle and Traffic Law provides for a prescribed form of uniform traffic summons and complaint in cases of traffic regulations violations, and section 208 provides for the verification of the complaint before certain designated officers.
Section 145 of the Code of Criminal Procedure defines the information as ‘ ‘ the allegation made to a magistrate, that a person has been guilty of some designated crime”. Although not specifically so provided, it is well-settled law that, where a person is charged with a misdemeanor, a written information is required (People v. Jacoby, 304 N. Y. 33, 38, 41, 43), and that such an information, when used, as here, as a pleading, must be verified (People v. Scott, 3 N Y 2d 148, 152; People v. Semonite, 18 Misc 2d 427).
Under section 1800 of the Vehicle and Traffic Law, a violation of any of the provisions of that statute is a traffic infraction, unless declared' by the statute to be a misdemeanor or a felony. Section 1801-a provides for a violation of the speeding statute (Vehicle and Traffic Law, § 1180) the same fines and imprisonments as are imposed by section 1801 for conviction of a misdemeanor for a violation of the Vehicle and Traffic Law for which another penalty was not provided. In People v. Guariglia (13 A D 2d 809) the Appellate Division, Second Department, said: “It is our opinion that the plain legislative intent is that violations of the Vehicle and Traffic Law, although classed as misdemeanors and punishable by imprisonment in a peniten *942 tiary, should be punished * * * as specifically provided in the Vehicle and Traffic Law ”.
It follows that information charging a speeding violation of the Vehicle and Traffic Law must not only be written, but it must be properly verified, that is, made under oath (People v. Semonite, 18 Misc 2d 427, supra; People v. Scott, supra; and, cf., People v. Butcher, 38 Misc 2d 37; People v. Hamm, 9 N Y 2d 5, 10-11).
As was said in People v. Semonite (supra, p. 428): “As to an oath, whatever the form adopted, it must be in the presence of an officer authorized to administer it and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath (Bookman v. City of New York, 200 N. Y. 53, 56).
It clearly appears that here the complaining officer did not swear to or verify the information in the presence of or before the Police Justice prior to arraignment and the trial of the charge of speeding. The information was therefore jurisdictionally defective, and the defect deprived the trial court of jurisdiction to try the case (People v. Semonite, supra; People v. Scott, supra; People ex rel. Siegal v. Dros, 11 N Y 2d 167, 173; and People v. Dutcher, supra). Such a jurisdictional defect is not waived by the failure in this instance to object thereto before going to trial, since the trial court lacked jurisdiction of the proceedings ab initio (cf. People v. Semonite; People v. Dutcher; People ex rel. Siegal v. Dros).
The judgment of conviction should be reversed, the information dismissed and the fine remitted. The other assignments of error are not reached, in view of this determination.