OPINION OF THE COURT
Stanley Gartenstein, J.
Defendants stand charged with prostitution in two separate dockets consolidated for decision on a common legal issue. In furtherance of their statutory obligation to convert the complaints herein to informations as required by CPL 100.10 (subds 4, 5), the People have caused supporting depositions to be filed as authorized by CPL 170.65. These depositions are executed by undercover police officers and signed “John Doe”, followed by the officer’s badge number. Defendants move to dismiss for failure to file an information as required, claiming that these supporting depositions are insufficient.
The practice of identifying an undercover police officer as “John Doe” in criminal pleadings stems from a police policy of not revealing his or her identity until the actual trial. This practice has been approved by appellate holdings (People v Goggins, 34 NY2d 163). It has been devised to insure the safety of a decoy or undercover officer whose effectiveness and personal safety would be threatened by premature disclosure of his identity.
The question of sufficiency of a supporting deposition executed in “John Doe” form appears to be an open one. *776 The controlling statute, CPL 100.15 (subd 1), requires that “An information * * * must be subscribed and verified by a person * * * having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged.” This latter provision is further modified by subdivision 3 thereof which provides that “in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.”
The key to the formality of execution is found in the word “subscribed” which has been defined as a signature at the end of a particular document (James v Patten, 6 NY 9). “The term signature includes any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” (General Construction Law, § 46.) The key requisite of a signature is intent (People v Lo Pinto, 27 AD2d 63). Upheld as valid signatures have been initials or a mark (Matter of Mack, 21 AD2d 205); typewritten initials (Mohawk Airlines v Peach, 81 MisC 2d 211); printed, typewritten or lithographed signature (Brooklyn City R. R. Co. v City of New York, 139 Misc 691). Tangentially, it has been held that a printed name submitted as a signature without authorization is a forgery (People v Berman, 197 NYS2d 346).
In weighing the validity of the deposition submitted to convert the complaint into an information, the court holds the subscription in “John Doe” form to be a valid signature. The deponent is certainly readily identifiable and his intent to adopt the “John Doe” subscription as his signature is manifest. Additionally, the affidavit so submitted conforms to the legal requirement that a valid oath requires an ascertainable consciousness of the penalty of perjury (.People v Dutcher, 38 Misc 2d 37).
The motion to dismiss is accordingly denied.