James C. Tomasi, Esq. County Attorney, Washington
You have asked whether Civil Practice Law and Rules (CPLR) § 2101 requires that all signatures on documents filed with the county clerk's office be written in black ink.
Your letter states that the Washington County clerk's office will not accept deeds and other title documents for filing, unless the signatures on the documents are in black ink. Furthermore, you note that this policy is based on the clerk's office's interpretation of subdivision a of Rule 2101 of the CPLR which sets standards for quality, size and legibility of papers served or filed under the CPLR. Subdivision a provides, in relevant part, as follows:
 "Each paper served or filed shall be durable, white and except for summonses, subpoenas, notices of appearance, notes of issue and exhibits, of legal or letter size black ink. Beneath each signature shall be printed the name signed" (CPLR § 2101
[a]).
The question is whether the reference to "black ink" applies to the signatures of all documents filed with the county clerk's office.
The CPLR is a statute of limited application which establishes "the procedure in civil judicial proceedings in all courts of the state and before all judges except where the procedure is regulated by inconsistent statute" (CPLR § 101).
In addition to filings made pursuant to the CPLR, a vast array of documents are filed in the county clerk's office (see, generally, County Law, §§ 525, et seq.; Real Property Law, §§ 290, et seq. [recording documents affecting real property]). Rule 2101, in our view, only establishes standards for documents to be filed with the county clerk in the course of civil litigation; it does not apply to the format of deeds and other related documents affecting real property.
We find nothing in statute or case law which mandates that signatures on these legal documents be in black ink. "Signature" is defined in the General Construction Law:
 "The term signature includes any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing" (General Construction Law, § 46).
There is no limitation in section 46 as to color of ink. The key factor in determining the validity of a signature is the intent of the signing party (see People v LoPinto, 27 A.D.2d 63, 64 [3d Dept, 1966]; People vMercado, 123 Misc.2d 775, 776 [NYC Crim Ct, 1984]).
Accordingly, we conclude that there is no requirement that the signatures on deeds and other related documents affecting real property filed in the county clerk's office be in black ink.