OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, unanimously reversed on the law, defendant’s motion to dismiss the charge of endangering the welfare of a child pursuant to CPL 30.30 denied, accusatory instrument reinstated and matter remanded to the court below for all further proceedings.
On July 5, 2001, defendant was arraigned on six misdemeanor informations charging her, inter alia, with endangering the welfare of a child (Penal Law § 260.10 [1]), as a result of the death of an infant left in her care at her home where she was allegedly providing unlicensed child care services. The record indicates that the People announced their trial readiness at that time. On December 14, 2001, the People filed three superseding informations, one of which superseded the information charging defendant with endangering the welfare of a child. The People again announced their readiness for trial in open court.
The accusatory portion of the December 14, 2001 information charging defendant with endangering the welfare of a child provides in pertinent part: “DET/INV HENRY PASCONE #236 COMMAND #3254 of No. SUFFOLK COUNTY DISTRICT ATTORNEY’S OFFICE, being duly sworn.” However, detective Pascone did not execute this instrument. At the bottom of the instrument, below the factual portion thereof, there appears the signature of Detective Vincent Daly under the statutory form notice that “FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW, STATE OF NEW YORK.”
Thereafter, on March 24, 2003, the People superseded said accusatory instrument with another information charging defendant with endangering the welfare of a child. The defendant subsequently moved to dismiss the aforementioned charge against her on speedy trial grounds, arguing solely that the People’s statement of readiness on December 14, 2001 was il *15 lusory since the People could not proceed to trial on an accusatory instrument which was not properly verified. The court below found that the People’s statement of readiness with respect to the information charging defendant with endangering the welfare of a child, which was before the court from December 14, 2001 to March 24, 2003, was illusory since the verification in said superseding information failed to conform to statutory requirements under CPL 100.30. Consequently, the court found that defendant was denied the right to a speedy trial (CPL 30.30 [1] [b]) and dismissed said accusatory instrument.
An accusatory instrument must be subscribed and verified by a person known as the “complainant” (CPL 100.15 [1]), and is properly verified pursuant to CPL 100.30 (1) (d) when it “bear[s] a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.” When this method of verification is utilized, the instrument need not be sworn to. Indeed, the form notice provides greater practical assurances against misstatements of fact than the more routine and mechanical procedure of swearing before a notary or some other official authorized to take an oath, because the form notice alerts the subscriber thereto of the real and significant possibility of criminal prosecution should the information be proven to be false (see People v Sullivan, 56 NY2d 378, 383 [1982]).
Although the word “complainant” does not appear anywhere in the December 14, 2001 information, it is subscribed and verified by Detective Daly who is deemed the complainant (CPL 100.15 [1]). Detective Daly’s signature appearing underneath the statutory form notice (CPL 100.30 [1] [d]) complied with the verification requirements. Detective Pascone’s name, which appears in the accusatory portion of the instrument, was mere surplusage as he neither verified the instrument pursuant to CPL 100.30 (1) (d) nor swore to any of the allegations contained in the factual part thereof (CPL 100.30 [1] [a], [b], [c], [e]). Consequently, the court below erred in finding that the statement of readiness was illusory based on improper verification of the accusatory instrument.
Contrary to the arguments raised in the court below, the accusatory instruments filed July 5, 2001 and December 14, 2001 established by nonhearsay allegations each and every element of the crime of endangering the welfare of a child and defendant’s commission thereof (see CPL 100.40, 100.15). The sup *16 porting depositions provide nonhearsay allegations that defendant was providing unlicensed child day-care services and that at the time of the incident there were 17 children at her home. Moreover, the admission by defendant contained in the factual portion of the accusatory instrument dated December 14, 2001, that she left the child unattended for a specified period of time satisfies the requirement of a nonhearsay allegation (see People v Mauro, 147 Misc 2d 381 [Crim Ct, NY County 1990]). Thus, the accusatory instruments were legally sufficient in charging the crime of endangering the welfare of a child. Whether or not the alleged neglect by the defendant establishes endangering the welfare of a child is a question of fact to be determined at trial (People v Aquino, 2002 NY Slip Op 50223[U] [App Term, 1st Dept 2002]). We pass on no other issue.
McCabe, EJ., Covello and Tanenbaum, JJ., concur.