*667 OPINION OF THE COURT
Thomas J. DiSalvo, J.
History of the Case
It is alleged that on February 11, 2006 at 6:47 p.m. on Route 104 eastbound in the Town of Webster, the defendant exceeded the posted state speed limit of 55 miles per hour, by going 71 miles per hour in violation of Vehicle and Traffic Law § 1180 (b).
As a result, the defendant was issued what is commonly referred to as an “e-ticket” and was issued an “e-supporting deposition” at the same time. The matter was returnable on March 14, 2006 at 8:00 a.m. On February 20, 2006 the defense counsel wrote to the court, waiving his client’s personal appearance at the arraignment on said initial appearance date, pursuant to Vehicle and Traffic Law § 1806, and entering a plea of not guilty to the charge. In addition, defense counsel submitted a “Request for Supporting Deposition Pursuant to Criminal Procedure Law Section 100.25.” On March 23, 2006, defense counsel filed motions with the court, requesting that the simplified traffic information in question be dismissed on grounds of insufficiency and/or defectiveness. The defense contests the validity of the supporting deposition supplied to the defendant, based on the fact that the supporting deposition did not bear an original signature, but instead bore an electronic signature and that said signature was electronically affixed to the supporting deposition prior to the entry of the information particular to the offense charged. In addition, the defense argues that the defendant did not timely obtain a supporting deposition pursuant to CPL 100.25 (2), because the defendant never received a valid supporting deposition, within 30 days of a request for same.
Issues Presented
Is an electronic signature on a supporting deposition in violation of the signature requirements of CPL 100.20?
Does the fact that an electronic signature is affixed to a supporting deposition prior to the entry of the information particular to the charge in question violate the verification requirements of CPL 100.30?
Did the defendant obtain a timely supporting deposition in accordance with CPL 100.25 (2)?
*668 Legal Analysis
A. Validity of Electronic Signature
CPL 100.20 requires that a supporting deposition be “subscribed and verified.” CPL 100.30 sets out how a supporting deposition can be verified. In particular, CPL 100.30 (1) (d) states in pertinent part that a supporting deposition “may bear a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute a verification of the instrument.” State Technology Law § 302 (3) states that an “ ‘Electronic Signature’ shall mean an electronic sound, symbol, or process, attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the record.” In addition, State Technology Law § 304 (2) states that “unless specifically provided otherwise by law, an electronic signature may be used by a person in lieu of a signature affixed by hand. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand.”
The supporting deposition bears an electronic signature of the New York State Trooper who issued the “e-ticket” and “e-supporting deposition.” In addition, the supporting deposition in question bears the required language of CPL 100.30 (1) (d), relative to the making of false statements. As a result, there is no basis to dismiss the accusatory instrument based on a defective supporting deposition, solely on the basis of an electronic signature of the deponent.
B. Timing of Electronic Signature
The only real guidance available on this issue on the appellate level is the case of People v Smith (258 AD2d 245 [4th Dept 1999]). That case involved the admissibility of a Department of Motor Vehicles abstract of a motorist’s driving record.
The Court determined that the abstract in question did not comply with the requirements of CPLR 4540 and was thus inadmissible into evidence. This holding was based on the fact that the “abstract was not properly authenticated as the attestation and seal was preprinted on the blank abstract forms prior to the driver information being electronically transferred onto the form.” (People v Azpuru, 2002 NY Slip Op 50341[U], *7 [Crim Ct, NY County 2002].) The issue of the validity of an electronically generated supporting deposition was addressed by the City Court of Rochester (Morse, J.) *669 in the case of People v Rose (11 Misc 3d 200 [2005]). In that case the defendants were charged with the crime of driving while intoxicated.
The court did not dismiss the charges therein, stating that “[w]hat rescues the prosecution in these cases is the fact that the ‘fill in the blank’ supporting depositions were not generated electronically but were hand signed by the troopers.” (Ibid, at 208.) Nevertheless, Judge Morse found it troubling that the signature imposed on an electronically generated supporting deposition is placed on same before the specifics concerning the offense in question. (Ibid, at 210.) This court shares some of the same concerns. The court takes judicial notice that the software used to produce both “e-tickets” and “e-supporting depositions” could be modified to provide for the application of an electronically stored electronic signature to be applied to the documents after entry of the information concerning the specific offense or to provide for a signature on a pressure sensitive screen as same is referred to in People v Rose (at 208, 209).
Nevertheless, each supporting electronic deposition is completed and generated individually by the officer, trooper or deputy issuing the “e-ticket.” The electronically generated supporting deposition contains the language required by CPL 100.30 (1) (d). Thus, there is no reason to believe that such a supporting deposition would be issued without the requisite knowledge of its seriousness. The act of printing out an electronic supporting deposition for purposes of providing a copy of same to the defendant and for filing a copy with the appropriate court has the same effect of affirming the truth of the contents thereof as if the deponent signed same after the entry of the specifics of the offense alleged. As a result, the supporting deposition herein is found to be in compliance with CPL 100.20.
C. Timely Receipt of Supporting Deposition
The defendant formally requested in writing a supporting deposition on February 20, 2006. However, the defendant received a copy of same at the time she was issued the uniform traffic information on February 11, 2006. Since said supporting deposition was not found to be defective, the defendant was in timely receipt of a supporting deposition pursuant to CPL 100.25 (2).
*670 Conclusion
The defendant’s motion to dismiss the simplified traffic information, based on a defective supporting deposition, is hereby denied. Since the supporting deposition received by the defendant at the same time she was issued the “e-ticket” was not defective, said supporting deposition was timely provided to the defendant. Thus, defendant’s motion to dismiss the simplified traffic information based on not receiving a supporting deposition on a timely basis is also denied.