OPINION OF THE COURT
Evelyn J. LaPorte, J.
The defendant, Tyrone Jackson, is charged with criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]). He moves to dismiss the accusatory instrument for facial insufficiency pursuant to CPL 100.40 and 170.30, and for dismissal based upon failure to convert the complaint into an information. The defendant also seeks a Mapp hearing, a bill of particulars, discovery, preclusion of defendant’s prior bad acts, reservation of rights and such other relief as this court may deem just and proper. In response, the People oppose dismissal of the accusatory instrument, oppose a Mapp hearing and request reciprocal discovery. For the reasons that follow, the defendant’s motions to dismiss are denied. Defendant’s request for a Mapp hearing is granted.
Motion to Dismiss Based on Lack of Verification
The defendant contends that the complaint must be dismissed because it has been improperly verified. Defendant points to the fact that Police Officer Engel’s signature on the marijuana possession supporting deposition “is nothing but what appears to be an oval” (defendant’s affirmation K 19) and that because the officer’s name and date are not printed below this mark, “Police Officer Engel could not credibly be prosecuted for making a false statement on the basis of this scribbled oval” (id.).
The supporting deposition in this case begins with the statement “I, PO Engel” and continues with an account of the deponent’s observations and findings. The bottom of the docu *790 ment contains a passage that reads: “False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law.”
Immediately below that warning passage there are two signature spaces: one on the left for an NYPD “supervisor” and one on the right for the deponent. In the left section, there is a supervisor’s signature that appears immediately above the supervisor’s printed name and date. It is noted that the identity of the supervisor is not readily discerned due to what can reasonably be characterized as sloppy penmanship. The defendant does not contest the validity of this signature. To the right, there is a line designated for the deponent’s signature; immediately above that line there is a marking that appears to have been made by two long continuous swipes of an ink pen.
CPL 100.20 defines a supporting deposition as:.
“a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.”
Under CPL 100.30 (1) (b) a supporting deposition may be verified by being sworn to before a desk officer in charge at a police station or police headquarters or any of the deponent’s police department superior officers. CPL 100.30 (1) (d) further allows that a supporting deposition that bears a form notice that “false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law,” and shows that notice together with the signature of the deponent will be deemed to be properly verified. Here, both of these conditions have been met as the supporting deposition has been signed by a police supervisor and the deponent’s marking appears immediately below the Penal Law § 210.45 warning.
General Construction Law § 46 defines “Signature” as: “any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” Under the definition of “signature” in this section *791 initials, or even a mark, are acceptable forms of signatures. (See Matter of Mack, 21 AD2d 205 [1964]; Matter of Golicki, 116 Misc 100 [1921].)
In the case of Matter of Ernst B. (177 Misc 2d 22 [1998]), the court held that a supporting deposition signed with “X” was legally adequate where it was witnessed by arresting officer and pretrial dismissal for facial insufficiency was not required. That a signature is not legible “does not, in itself, constitute a defect which is ‘facially apparent’ and therefore jurisdictional” (Matter of Kenneth K., 218 AD2d 534, 534-535 [1995] [citation omitted], quoting Matter of Rodney J., 83 NY2d 503, 508 [1994]).
The key is that the endorser intended to leave his mark upon a document, thereby taking some level of responsibility for its contents. To require more than that for the legal validity of a signature would make it nearly impossible for anyone to fill a prescription at a pharmacy and would render medical records completely useless at trial.
In the instant case, it is reasonable to deduce that in writing his name at the top of the document and marking it at the bottom, Police Officer Engel intended to take responsibility for the contents of the supporting deposition. This mark was made directly below a warning about the consequences of making a false statement within the document and directly next to the marking of Police Officer Engel’s superior officer. There is no reason to believe the mark on the designated police officer signature line was made by any person other than the named deponent, Police Officer Engel. Therefore it is fair to conclude that Police Officer Engel was the person who made the mark at the bottom of the document.
It is agreed that the deponent’s signature on the supporting deposition in this case is in the shape of an oval. But based upon the case law and relevant statutes, this court finds that the shape, size or legibility of a signature is irrelevant and that the sloppiness of such a signature on a supporting deposition does not affect the validity of such a signature and therefore the complaint, as it stands, has in fact been converted into a valid information.
Motion to Dismiss Based on Facial Sufficiency
The complaint alleges that defendant was observed in possession of marijuana at the corner of West 117th Street and Saint Nicholas Avenue in New York County and State and subsequently a bag containing marijuana was recovered from the defendant. The complaint states in pertinent part:
*792 “On February 28, 2007, at about 19:20 hours at the corner of West 117th St. and St. Nicholas Ave. in the County and State of New York . . .
“Police Officer Gregory Engel, shield No. 27505 of the 028 Precinct observed the defendant holding marijuana to defendant in a public place and open to public view.
“Police Officer Gregory Engel . . . then recovered one (1) bag of marijuana which defendant had possessed in a public place and open to public view from the ground where Police Officer Gregory Engel . . . saw the defendant drop it.
“Police Officer Gregory Engel . . . believes the above substance is what it is alleged to be based upon: his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.”
The complaint is accompanied by a sworn and signed supporting deposition from Police Officer Gregory Engel and a positive field test for marijuana.
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. (CPL 100.15 [3J; 100.40 [1] [b]; 70.10.) These facts must be supported by nonhearsay allegations which, if true, establish every element of the offenses. (CPL 100.40 [1] [c].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30; 170.35; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
A person is guilty of the crime of criminal possession of marijuana in the fifth degree when “he knowingly and unlawfully possesses: (1) marijuana in a public place . . . and such marijuana is burning or open to public view.” (Penal Law § 221.10.) The statutory definition of “public place” includes “lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence.” (Penal Law § 240.00.) Areas that are private but visible to the public, such as the interior of a vehicle parked on a public street, also fall within the scope of the definition. (People v McNamara, 78 NY2d 626, 633-634 [1991]; People v Butler, 195 Misc 2d 228, 230 [2003].)
*793 In this case, the complaint alleges that the defendant was observed holding marijuana as he stood on the corner of West 117th Street and Saint Nicholas Avenue in New York County. He was then seen dropping a bag of marijuana to the ground.
Here, it is clear that the description “corner of West 117th St. and St. Nicholas Ave. in New York County” indicates a public street or sidewalk. There is no implication that this location is inside of any particular address. In People v Chen Ye (179 Misc 2d 592, 595 [1999]) the court held that where the complaint alleged that the crime occurred “at Canal Street and Broadway,” the element of public place is sufficiently alleged. Also, the allegation that the deponent watched the defendant drop the bag of marijuana to the ground by him implies that the marijuana was observed to be in the defendant’s hand and therefore in public view.
The factual allegations in the information give the defendant sufficient notice to prepare a defense and prevent the defendant from being twice tried for the same crime (People v Casey, 95 NY2d 354, 360 [2000]). For the foregoing reasons, defendant’s motion to dismiss the information for facial insufficiency is denied.
Suppression of Physical Evidence
The defendant also seeks to suppress all physical evidence or, in the alternative, requests a Mapp hearing. That branch of his motion is granted to the extent that a Mapp hearing will be held before trial.
Motion for Discovery and a Bill of Particulars
Defendant’s motion for a bill of particulars and discovery is granted to the extent provided in the People’s response, information, and voluntary disclosure form.
The People have acknowledged and are reminded of their continuing obligations under Brady v Maryland (373 US 83 [1963]) and Giglio v United States (405 US 150 [1972]) to disclose exculpatory evidence and impeachment material to the defense.
The People’s request for reciprocal discovery is granted to the extent that the defense is directed to comply with the provisions of CPL 240.30 and 250.20.
Other Motions
The defendant’s motion seeking a Sandoval hearing is granted to the extent that the defendant has leave to resubmit this portion of the motion to the trial judge.
*794 While in his notice the defendant states that he will move for a dismissal pursuant to CPL 30.30 and a dismissal in the interest of justice, there are no such motion or reference to them in his moving papers. Therefore the court declines to review those issues.
The defendant’s motion to reserve the right to make further motions is granted to the extent indicated in CPL 255.20.