OPINION OF THE COURT
Stephen W. Herrick, J.
This is an appeal from Albany City Court (Carter, J.), wherein the lower court dismissed the misdemeanor information against *848 the defendant for facial insufficiency. Specifically, the lower court held that the “to wit” portion of the information consisted of impermissible hearsay, requiring dismissal.
The record reveals that on December 27, 2007, a misdemeanor information was filed in Albany City Court, Criminal Part, accusing the defendant, Jamel Riviere, of committing the crime of criminal contempt in the second degree, in violation of Penal Law § 215.50 (3), a class A misdemeanor. The information was purportedly made on the direct knowledge of the complainant, Essence Jordan-Riviere. The “to wit” or factual portion of the information contained the following allegations:
“ON DECEMBER 8, 2007 AT 150 SECOND AVENUE, CITY OF ALBANY AT 1:30 IN THE MORNING, THE DEFENDANT DID COME TO THE HOME OF ESSENCE JORDAN-RIVIERE, POUND ON THE DOOR AND ENTER MS. JORDANRIVIERE’S APARTMENT. THESE ACTIONS DID VIOLATE A ‘STAY AWAY, NO CONTACT’ ORDER OF PROTECTION ISSUED BY THE HONORABLE JUDGE WILLIAM A CARTER ON NOVEMBER 28, 2007 AND REMAINS IN EFFECT UNTIL NOVEMBER 27, 2009.”
The misdemeanor information continued and in the portion where the complainant sets forth the source of her aforementioned direct knowledge, the box stating “of my own knowledge and observations” is checked. Essence Jordan-Riviere’s signature appears near the bottom of the information above a warning which states: “FALSE STATEMENTS CONTAINED HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.”
On July 15, 2008, the lower court dismissed the information against the defendant holding that it could not discern whether the allegations contained in the factual portion of the information were nonhearsay, as required, owing to the use of the third-person perspective when referring to the complainant and her residence.
As the lower court correctly sets forth, section 100.40 (1) of the Criminal Procedure Law sets forth the requirements that must be met for an information to be deemed facially sufficient. An information must, first, substantially conform to the requirements prescribed in section 100.15 of the Criminal Procedure Law. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.40 [1] *849 [a] .) Second, the allegations of the factual portion of an information must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information. (People v Alejandro, supra; CPL 100.40 [1] [b].) Third, nonhearsay allegations of the factual part of the information establish, if true, every element of the offense charged and the defendant’s commission thereof. (People v Alejandro, supra; CPL 100.40 [1].)
Section 100.15 of the Criminal Procedure Law provides, as relevant in this case, that an information must be “subscribed and verified by a person known as the ‘complainant’ ” (CPL 100.15 [1]). Words in a statute are to be construed according to their ordinary and popular significance. (McKinney’s Cons Laws of NY, Book 1, Statutes § 94.) Dictionaries may be consulted as an aid in determining their popular and accepted meaning. (Statutes § 234; People v Bart's Rest. Corp., 42 Misc 2d 1093 [Crim Ct, NY County 1964].) Black’s Law Dictionary defines the term “subscription” as the “act of signing one’s name on a document” (Black’s Law Dictionary 1441 [7th ed 1999]). “The term signature includes any memorandum, mark or sign, written ... or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” (General Construction Law § 46.) The key requisite of a signature is intent. (People v Lo Pinto, 27 AD2d 63 [3d Dept 1966].)
An information may be verified when it “bear[s] a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute verification of the instrument.” (CPL 100.30 [1] [d].)
Based upon the foregoing, the court finds that Essence Jordan-Riviere subscribed and verified the misdemeanor information when she placed her signature on the document. By declaring that the facts as set forth in the “to wit” part of the information were based upon her “own knowledge and observations” she adopted the facts as set forth in the information as her own.
So long as the factual allegations of an information give the defendant notice sufficient to prepare a defense and are adequately detailed to prevent the defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading. (People v Casey, 95 NY2d *850 354 [2000].) The law does not require that the information contain the most precise words or phrases expressing the charge, only that the crime and the factual basis therefore be sufficiently alleged. (People v Konieczny, 2 NY3d 569 [2004].)
In the present matter, the court finds that, examining the information as a whole, the facts as alleged and adopted by the complainant, Essence Jordan-Riviere, constitute nonhearsay allegations sufficient to satisfy the statutory requirements. The court, therefore, reverses the lower court and remands the case to the lower court for further action consistent with this opinion.