[3 NYS3d 886]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GUSTALVO PEREZ SANCHEZ, Defendant.

Criminal Court of the City of New York, Queens County, January 28, 2015

### APPEARANCES OF COUNSEL

*Richard A. Brown, District Attorney (Scott E. Kessler* of counsel), for plaintiff.

*Ali Benchakroun,* East Elmhurst, for defendant.

### OPINION OF THE COURT

DEBORAH STEVENS MODICA, J.

The People move to convert the misdemeanor complaint in this case to an information by use of an electronic signature of the complaining witness. The following constitutes the decision and order of the court.

## Findings of Fact

The defendant was arrested on June 13, 2014 and charged in a misdemeanor complaint with the crimes of assault in the third degree (Penal Law § 120.00 [1]); endangering the welfare of a child (Penal Law § 260.10 [1]); and the violation of harassment in the second degree (Penal Law § 240.26 [1]). The defendant was arraigned the next day, June 14, 2014, and six days later the People handed up a supporting deposition from the complainant containing an electronic signature, along with copies of email correspondence and a supporting deposition from an assistant district attorney. The People argue that the acceptance of electronic signatures by the court is consonant with the modernization of business and governmental processes in our increasingly technological age.

The defendant opposes, claiming that specific legislation is needed to authorize the procedure and, absent that, the court has no power to accept an electronic signature in lieu of a handwritten signature.

## Conclusions of Law

Under the Criminal Procedure Law, a prosecution can be initiated by way of a misdemeanor complaint. In order for the

complaint to be a legally sufficient accusatory instrument, that is, an information, upon which the People can proceed to trial, however, it must contain allegations in its factual portion that provide reasonable cause to believe that the defendant committed the offenses charged in the accusatory portion of the instrument, and those allegations cannot contain hearsay. (CPL 100.40 [1]; *People v Alejandro*, 70 NY2d 133 [1987]; *People v Riviere*, 21 Misc 3d 847 [Albany County Ct 2008], *lv denied* 11 NY3d 929 [2009].) This is often accomplished by the People also filing a supporting deposition, a sworn statement from a person with actual knowledge of the facts contained in the complaint. A supporting deposition must be subscribed and verified by the complainant. (CPL 100.15 [1]; 100.20.) Once an accusatory instrument charging misdemeanors no longer contains hearsay, it is an information and the People can proceed to trial.

In order for a document to qualify as a supporting deposition, it must be

> "a written instrument . . . filed in connection with an information . . . subscribed and verified by a person . . . containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein." (CPL 100.20.)

Subscribed means, of course, to sign one's name at the end of a document (*James v Patten*, 6 NY 9 [1851]; *People v Mercado*, 123 Misc 2d 775 [Crim Ct, NY County 1984]). Under General Construction Law § 46, a signature is defined as "any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing." (*People v Jackson*, 17 Misc 3d 788, 790 [Crim Ct, NY County 2007]; *People v Riviere* at 849; *People v Mercado*, 123 Misc 2d 775.) The most important feature of a signature is that it reflect the intent of the person making it. (*People v Lo Pinto*, 27 AD2d 63 [3d Dept 1966]; *People v Mercado*, 123 Misc 2d 775; *People v Riviere*, 21 Misc 3d 847.) Courts have upheld as valid signatures a variety of marks, as well as initials, typewritten initials, and printed or lithographed signatures (*see People v Mercado*, 123 Misc 2d 775 [and cases cited therein])

and also electronic signatures. (State Technology Law § 304 [2]; *People v Johnson*, 31 Misc 3d 145[A], 2011 NY Slip Op 50933[U] [App Term, 2d Dept, 9th & 10th Dists 2011]; *People v Corletta*, 12 Misc 3d 666 [Webster Just Ct 2006].) To require more of a signature would make it impossible to fill a prescription, admit medical records at trial, or order merchandise through the Internet.

In addition, a supporting deposition must also be verified, which can be accomplished by either swearing to the truth of the contents of the document before the court, certain public servants, or a notary public; or by signing an instrument containing a form notice that warns the person signing that false statements are a class A misdemeanor, punishable under Penal Law § 210.45 (*see* CPL 100.30 [1]; *People v Holmes*, 93 NY2d 889 [1999]; *People v Charvat*, 8 Misc 3d 13 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).

The question in this case is whether the complainant's response email to an email sent to her by a member of the District Attorney's Office constituted both a signature and a verification of the facts in the complaint as required under CPL 100.20. This court holds that it does.

Not only was the complainant provided with the language of the complaint and its allegations, the District Attorney's email also provided a very clear, unambiguous explanation of what the legal effect of her typing "I agree" and typing her name in a response email would be. The District Attorney also instructed the complainant to read the entire complaint as well as the supporting deposition; and further instructed her that if the information was true and accurate and she agreed to sign electronically, she could reply to the District Attorney's email by typing "I agree" and her name. The complainant was also informed that she would thus be confirming the statements under the penalty of perjury, and that replying and signing electronically would have the same force and effect as a handwritten signature.

The supporting deposition included in the District Attorney's email to the complainant included the language,

> "I am the person mentioned in the accusatory instrument. . . . I have read the accusatory instrument . . . the facts . . . furnished by me are true

upon my personal knowledge . . . I understand an electronic signature has the same legal effect as my signature affixed by hand. I further understand that by typing the words 'I agree' along with my name in a reply email, the Office of the District Attorney is authorized to affix my electronic signature to this affidavit."

Immediately following that language was the form notice "False statements made herein and made in this document are punishable as a Class 'A' misdemeanor pursuant to Section 210.45 of the Penal Law." The complainant sent a reply email the same day to the Assistant District Attorney who had emailed the complaint and supporting deposition to her; the response was "I agree. Yeimy C. Espiritu."

There is already a clear legislative policy to promote the use of electronic signatures "to facilitate both business in, as well as the business of, New York State" (*People v Johnson*, 2011 NY Slip Op 50933[U], *2 [referring to the State Technology Law]). That law, which includes the Electronic Signatures and Records Act, makes clear in section 304 (2) that "an electronic signature may be used by a person in lieu of a signature affixed by hand. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand." The courts have recognized this legislative policy by their own institution of e-filing and its expansion in a number of courts (*see* Joel Stashenko, *State Courts Expand Mandatory E-Filing*, NYLJ, Nov. 14, 2014 at 4, col 3). Courts have recognized the need for accepting electronic records (*People v Rath*, 41 Misc 3d 869 [Nassau Dist Ct 2013]); chemical test results with electronic signatures (*Matter of Deshone C.*, 207 AD2d 756 [1st Dept 1994], *lv denied* 85 NY2d 801 [1995]); and electronic signatures on traffic tickets (*People v Corletta*, 12 Misc 3d 666; *People v Johnson*, 2011 NY Slip Op 50933[U]). In our everyday lives, we order things electronically and pay for them without handwritten signatures; we hit a "confirm" button to communicate our wishes electronically in all manner of transactions. To assert that the everyday use of technology in business transactions, government filings, test taking, school transactions, etc., cannot be applied to court documents without specific legislative authorization fails to recognize that such usage is simply no longer novel. As long as the signature,

the intent of the maker, and the verification are established, then the fact that the agreement and signature are proved by email is irrelevant. Although construing provisions of the CPLR, the Second Department recently confirmed this exact point in finding that an email message can satisfy the criteria for a binding and enforceable stipulation of settlement. (*Forcelli v Gelco Corp.*, 109 AD3d 244 [2d Dept 2013].) In that case, all material terms of a stipulation of settlement were set forth in an email and there was an expression of mutual agreement by both parties. The typed name of one of the parties at the end of her email was found to be sufficient as a signature, with the Court citing "the now widespread use of email as a form of written communication in both personal and business affairs" making it "unreasonable to conclude that email messages are incapable of conforming to the criteria . . . simply because they cannot be physically signed in the traditional fashion." (*Forcelli v Gelco Corp.* at 250.)

Nor does the signature in this case run afoul of the concern expressed by courts concerning preprinted or automatically generated signatures, which do not necessarily express the intent of the signer. (*See Rosenfeld v Zerneck*, 4 Misc 3d 193 [Sup Ct, Kings County 2004]; *Bayerische Landesbank v 45 John St. LLC*, 102 AD3d 587 [1st Dept 2013]; *People v Smith*, 258 AD2d 245 [4th Dept 1999], *lv denied* 94 NY2d 829 [1999].) The complainant in the instant case clearly stated her intent by her reply email, "I agree" with the typed signature after being sent the complaint and supporting deposition.

The emails in the instant case meet all the requirements necessary under the Criminal Procedure Law to support a valid supporting deposition, and therefore support the conversion of the complaint to an information as of the date of their filing. The People have demonstrated that the complainant read the complaint, read the supporting deposition, read the form jurat concerning the penalty of perjury, understood from the included instructions the effect of both her agreement and the typing of her signature and that she did, in fact, assert under penalty of perjury that the facts in the complaint were true based on her personal knowledge. The fact that this was accomplished electronically rather than in person is irrelevant to its being a valid sworn statement.

The People's motion to convert the misdemeanor complaint to an information is granted as of the date of the filing of the supporting deposition and accompanying paperwork.