People v Rivera (2025 NY Slip Op 51673(U))

[*1]

People v Rivera

2025 NY Slip Op 51673(U)

Decided on September 26, 2025

Criminal Court Of The City Of New York, Bronx County

Wolf, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Jessica Rivera, Defendant.

Docket No. CR-010680-25BX

For the People: Darcel D. Clark, Assistant District Attorney, Bronx County (by Randy Weber)
For Jessica Rivera: The Legal Aid Society (by Shaun Kleber)

Ralph L. Wolf, J.

Summary
Defense motion seeking dismissal of the information on statutory speedy trial grounds is GRANTED.
Procedural History
Jessica Rivera was arrested on April 17, 2025 and charged with assault under Penal Law (PL) § 120.00(1) and harassment under PL § 240.26(1). She was arraigned later that day and released on her own recognizance. The case was adjourned to June 4, July 24 and August 1, 2025 for conversion and the filing of the prosecution's Certificate of Compliance (COC). On July 7, 2025 the prosecution filed a supporting deposition off calendar "signed" by the complaining witness. Again off calendar, on July 10, 2025 the prosecution filed their COC and a Statement of Readiness (SOR) which incorrectly included the Assistant District Attorney assigned to the case as the defendant. On August 1, 2025 the prosecution filed an SOR with Ms. Rivera named as the defendant, and the instant motion schedule was set.
Relevant Facts and Parties' Arguments
The defense argues that this case should be dismissed because the prosecution failed to file a supporting deposition that conforms to statutory requirements and because the SOR was inadequate for the prosecution to declare their readiness in this case. The prosecution opposes the motion, arguing that a complainant's unauthenticated typed electronic signature on the supporting deposition is sufficient for conversion and that a mere oversight or typographical error on the SOR does not warrant dismissal.
In their opposition, the prosecution includes an exhibit consisting of an email exchange between the prosecution and the complainant with the supporting deposition attached and no text in the body of the emails.
This court finds that the typed name on the signature line with no other evidence to indicate the complainant's intent to sign the supporting deposition is not sufficient to convert the [*2]complaint to an information. The remaining issue will not be addressed in this order.
Legal Analysis
The top charge in this case is an A misdemeanor. "CPL [] 30.30(1)(b) requires that the People be ready within 90 days in misdemeanor cases." People v. Brown, 28 NY3d 392, 403 (2016).
"[T]he prosecution cannot be ready to try a defendant based upon [] a misdemeanor complaint, as a complaint confers [no] jurisdiction to try the defendant." 7 NY Prac., New York Pretrial Criminal Procedure § 9:22 (2d ed.), citing People v. Colon, 59 NY2d 921 (1983). The Criminal Procedure Law (CPL) provides that a criminal action may be commenced by the filing of an information in a local criminal court. CPL § 100.05. For a criminal complaint to become a legally sufficient information "it must contain allegations in its factual portion that provide reasonable cause to believe that the defendant committed the offenses charged in the accusatory portion of the instrument, and those allegations cannot contain hearsay. C.P.L. 100.40(1)." People v. Sanchez, 47 Misc 3d 612, 614 (Crim Ct, Queens County 2015). Most often conversion from complaint to information is achieved by the prosecution filing a supporting deposition or a sworn statement from someone with personal knowledge of the facts alleged in the complaint. This person is known as the complainant. Pursuant to CPL § 100.15 the complaint "must be subscribed and verified by a person known as the 'complainant.'" Pursuant to CPL § 100.20:
A supporting deposition is a written instrument accompanying or filed in connection with [] a misdemeanor complaint [], subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.
CPL § 100.20. This verification converts a criminal complaint to an information because the complaint no longer contains hearsay, and the prosecution can then proceed to trial. Sanchez, 47 Misc 3d at 614.
A misdemeanor complaint may be verified through five different methods including by the instrument containing a notice that "false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law" and being "subscribed" by the deponent. CPL § 100.30(1)(d). Subscribed means "to sign one's name at the end of a document." People v. Hutchinson, 80 Misc 3d 678, 683—84 (Crim Ct, Bronx County 2023). Under the NY General Construction Law, a "signature includes any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing." NY General Construction Law § 46.
In the instant matter, the prosecution did not submit any evidence of the complainant's intent to sign the supporting deposition other than her typed name, and the typed name alone is insufficient to convert the complaint to an information. See People v. Hutchinson, 80 Misc 3d 678, 686 (Crim Ct, Bronx County 2023) ("the e-mail submitted by the People that contained no text and only an attachment was insufficient to convert the complaint to an information. The e-mail did not contain any indication of the complainant's intent to sign"). An electronically signed supporting deposition, without further proof of complainant's intent to sign, is insufficient to convert a complaint to an information.
The prosecution cites several cases where typed and electronic signatures were [*3]determined to be sufficient to convert a complaint to an information. However, each of those cases is distinguishable in that there was other evidence to support the prosecution's position that the complainant intended to sign the supporting deposition independent of the electronic signature. See People v. Adams, 65 Misc 3d 289, 295 (Crim Ct, NY County 2019) (complainant was unable to print and sign the supporting deposition herself, but was in touch with prosecutor and prosecutor's supervisor, and prosecutor provided an affidavit outlining these facts); People v. Rodriguez, 50 Misc 3d 1223(A), 36 N.Y.S.3d 49 (Crim Ct, Queens County 2016) (complainant's electronic signature was confirmed in an email exchange with an affidavit signed by prosecutor); Sanchez, 47 Misc 3d at 615—16 (prosecution provided an email exchange with complainant that clearly explained the legal effect and complainant's desire to sign the supporting deposition); People v. Williams, 63 Misc 3d 765, 770 (Crim Ct, NY County 2019) (complainant's actual, "handwritten signature was placed upon the supporting deposition through some electronic means"); People v. Brothers, 58 Misc 3d 664, 668 (Crim Ct, Kings County 2017) (evidence submitted showed that prosecution both emailed and called complainant to confirm electronic signature). An electronically signed supporting deposition, standing alone, is insufficient to convert a complaint to an information.
The remaining issues raised in the motion to dismiss will not be addressed in this order and should not be considered as having been determined herein.
Conclusion
Because the prosecution did not submit sufficient evidence of the complainant's intent to sign the supporting deposition and only submitted a supporting deposition with an unauthenticated typed name, the supporting deposition was insufficient to convert the complaint to an information in this case. Since the prosecution did not properly convert the complaint, they were not ready within 90 days of Ms. Rivera's arraignment and are out of speedy trial time. Consequently, the case must be dismissed.
The foregoing constitutes the order and decision of the court.
Dated: September 26, 2025
Bronx, NY