OPINION OF THE COURT
Evelyn L. Braun, J.
The defendant has been charged with violating Penal Law § 221.40 (criminal sale of marihauna in the fourth degree) and Penal Law § 221.05 (unlawful possession of marihauna).
*258 Based upon the motion papers submitted by the defendant and the People’s response, the court finds as follows:
The defense challenges the validity of the supporting deposition, specifically the purported signature of undercover officer No. 14996. Defendant argues that there is nothing unique in the imprinted number on the deposition as compared to an individual’s signature.
It is contended that since the supporting deposition was not signed by a witness to the undercover’s number or imprint, there is no indicia of reliability that the deposition was in fact signed by undercover officer No. 14996.
The People contend that the undercover’s number is itself unique and more distinctive than even a proper surname. Additionally, it is alleged that the supporting deposition contained a form notice which gave sufficient warning of the penalty for perjury pursuant to CPL 100.30 (1) (d). The People argue that since the defendant does not allege fraud or impropriety on the part of the prosecutor’s office or the undercover officer, there is no basis for inquiry into the signature’s validity.
General Construction Law §46 provides that "[t]he term signature includes any memorandum, mark or sign, written * * * or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” (See also, People v Lo Pinto, 27 AD2d 63.) "UC # 14996” constitutes a signature within the meaning of the General Construction Law.
CPL 100.30 provides as follows:
"(1) An information, a misdemeanor complaint, a felony complaint, [and] a supporting deposition * * * may be verified in any of the following manners * * *
"(d) Such instrument may bear a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute a verification of the instrument.”
There is no requirement that a signature on a supporting deposition be witnessed.
The supporting deposition signed "UC #14996” complies with statutory verification requirements inasmuch as the undercover officer’s signature dated May 13, 1992 is written beneath a preprinted form notice warning of the penalty for perjury as required by CPL 100.30 (1) (d).
*259 To order an in camera hearing requiring testimony concerning the manner in which and by whom the undercover officer’s signature was obtained and how his identity was established by the prosecutor’s office would be to impose a burden on the People which the Legislature has not seen fit to impose by statute.
"The general presumption is that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done * * * This presumption compels the adversary to come forward with affirmative evidence of unlawful or irregular conduct”. (See, Richardson, Evidence § 72, at 49 [Prince 10th ed], and cases cited therein.)
In the case at bar although defendant has made a general challenge to the validity of the signature inscribed on the supporting deposition, no specific factual allegations of misfeasance or nonfeasance on the part of the People or the undercover officer have been asserted which would lead the court to doubt the genuineness of the signature. Therefore, the court finds no basis compelling it to scrutinize the process utilized by the People in obtaining the executed affidavit.
Accordingly, defendant’s motion is denied in its entirety, and the complaint is converted to an information.