*206 OPINION OF THE COURT
Edgar G. Walker, J.
The defendant is charged with one count of prostitution, Penal Law §230.00, a class B misdemeanor. The defense moves to dismiss the charge against the defendant, pursuant to CPL 30.30 (1) (c) and 170.30 (1) (d) on the grounds that the People have not been ready for trial within the allotted 60-day time period specified by statute for a class B misdemeanor, in that there is no facially sufficient information upon which the People may try the defendant.
The relevant factual portion of the complaint reads as follows: "Deponent states that, he is informed by Undercover Police Officer (known to your deponent) that on the above time and place, the defendant did approach undercover police officer and offer and agree to engage in a sexual act with your undercover for a sum of $20.00 USC and the defendant further agreed to engage in an additional oral sexual act with your Undercover for $15.00 USC.”
The defendant was arraigned on April 26, 1993, and the case adjourned until June 25, 1993 for the People to file a corroborating affidavit. On May 24, 1993 the People filed and served a supporting deposition, in which undercover officer No. 18320 stated: "I, U/C #18320 of MSPMD County of Bronx, State of N.Y. being duly sworn, depose and say that I have read the Accusatory Instrument filed in the above-entitled action and attached hereto and that the facts thereon stated to be on information furnished by me are true upon my personal knowledge.”
The supporting deposition is signed "U.C. #18320” and stamped with the required statutory warnings that false statements are punishable as a class A misdemeanor, pursuant to section 210.45 of the Penal Law.
If the supporting deposition filed on May 24, 1993 was sufficient to convert the misdemeanor complaint into an information then the defendant’s motion must be denied; if not, the defendant’s motion should be granted, as the People have never been ready for trial within the required 60-day period.
CPL 100.40 (1) (c) provides that for an information to be sufficient on its face it is necessary, inter alia, that "[n]on-hearsay allegations of the factual part of the information and/ or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
*207 The complaint in this case is based solely on the hearsay allegations of an unidentified undercover police officer. Although the identity of the undercover officer need not be revealed in the complaint or supporting deposition (People v Goggins, 34 NY2d 163, 170; People v Mercado, 123 Misc 2d 775; People v Burton, 156 Misc 2d 257), there must be something in either the complaint or the supporting deposition by which it may be determined that the person executing the supporting deposition is in fact the informant mentioned in the complaint. The use of the informant’s badge number is one method approved by the courts by which a complaint may be converted to an information without revealing the informant’s identity. (People v Mercado, supra; People v Burton, supra.)
In this case although the undercover officer’s badge number is stated in the supporting deposition, there is no corresponding badge number set forth in the complaint. Nor does the undercover officer allege in the supporting deposition that he is in fact the same informant mentioned in the complaint. There is, therefore, no way that it can be determined on the face of these instruments that U/C #18320 is in fact the informant referred to in the complaint.
Since the complaint contains no factual allegations stated thereon to be based on information furnished by U/C #18320, the undercover’s deposition that any such facts are true upon his personal knowledge is of no effect. The supporting deposition is, therefore, insufficient to convert the complaint to an information.
Since there has never been a facially sufficient information upon which the People could bring the defendant to trial and more than 60 days have elapsed since the complaint was filed, the defendant’s motion to dismiss is granted.