OPINION OF THE COURT
Sheryl L. Parker, J.
Defendant stands before the court charged with one count of *76 patronizing a prostitute in the fourth degree (Penal Law § 230.03). The charge stems from an alleged encounter between defendant and an undercover police officer on March 31, 1994, in which defendant allegedly offered money to the officer in exchange for sexual intercourse.
Defendant moves, pursuant to CPL 170.30 (1), to dismiss the charge arguing that the accusatory instrument is facially insufficient.
The factual portion of the accusatory instrument reads as follows: "Deponent is informed by U/C Police Officer Shield #23652, that at the above time and place the defendant approached the U/C Police Officer, and requested that she engage in sexual conduct, to wit; intercourse, with him in return for $10.00 in U.S. Currency.” It is signed by the deponent, Police Officer James Held, shield No. 30288.
Three supporting depositions were filed, each bearing "U/C #23652” printed by hand on the signature line under the form notice stating that false statements are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law. The first supporting deposition is on the same page as the complaint and states that the information in the complaint attributed to the undercover officer is true.
The second supporting deposition is dated March 31, 1994 and repeats the information alleged in the complaint. It is also signed "U/C #23652”.
The third supporting deposition is dated June 27, 1994. It is a preprinted form which states that the information provided by the deponent contained in the accusatory instrument is true. Additionally, a handwritten sentence has been inserted correcting the date of the alleged event from March 31, 1993 to March 31, 1994.
Penal Law § 230.03 states: "[a] person is guilty of patronizing a prostitute in the fourth degree when he patronizes a prostitute.” Patronizing a prostitute is defined in Penal Law § 230.02 (1) (b) and states, in pertinent part, that a person patronizes a prostitute when "[h]e pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person * * * will engage in sexual contact with him.”
To be sufficient on its face, an information must state evidentiary facts which provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [1] [b].) In addition, an information must contain non- *77 hearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; 100.15 [3].) An information is jurisdiction-ally defective if it fails to contain such information. (People v Alejandro, 70 NY2d 133 [1987].)
Defendant first argues that the facts alleged are insufficient to support the charge of patronizing a prostitute. The People maintain that they have provided a facially sufficient accusatory instrument. For pleading purposes, the People have sufficiently alleged facts supporting the charge. As such, this prong of the defendant’s motion is denied.
Defendant next argues that the information is jurisdiction-ally defective because the signature of the undercover officer is not authentic. Defendant alleges that the officer’s signature appears on supporting depositions filed in three other cases involving arrests made on the same date of defendant’s arrest. Some of these signatures, defendant contends, differ in appearance. The three supporting depositions filed with the court in this case and the four supporting depositions filed in the three other cases bear the signature "U/C #23652”. In support of his motion, defendant has attached copies of the signed supporting depositions in the three other cases. The People failed to respond to this contention in their papers.
The printing of an undercover police officer’s shield number on a supporting deposition constitutes a legal signature. (General Construction Law § 46; People v Mercado, 123 Misc 2d 775 [Crim Ct, NY County 1984].) When such a signature appears on a supporting deposition under the form notice that false statements made on the document are punishable as a class A misdemeanor pursuant to Penal Law § 210.45, the document is legally verified. (CPL 100.30 [1] [b]; People v Burton, 156 Misc 2d 257 [Crim Ct, Queens County 1992].)
This court’s examination of the undercover officer’s signatures on the supporting depositions in this case reveals not only a discrepancy with the signatures in the other three cases, but also a discrepancy among the three supporting depositions in this case. It is therefore impossible to determine by reading the supporting depositions whether the undercover officer has, in fact, corroborated the assertions made by the arresting police officer.
Accordingly, a hearing is ordered to make this determination. The remedy of dismissal urged by defendant is not appropriate since the accusatory instrument will remain a *78 complaint if it is found that the undercover officer has not filed a supporting deposition.
Procedurally, the District Attorney’s office has the obligation, at the hearing, to call the undercover officer as a witness and to prove, by clear and convincing evidence, that the undercover officer read the complaint and signed the supporting deposition verifying the facts he or she provided. This court has been unable to locate any case in which this type of hearing was ordered. The type of hearing ordered herein, however, is analogous to a hearing to determine the accuracy or authenticity of real evidence in which the standard of proof is clear and convincing evidence. (See, People v McGee, 49 NY2d 48, 59 [1979], cert denied sub nom. Waters v New York, 446 US 942.) Therefore, this same standard of proof is appropriate in this setting.
The courts have an obligation to be alert to possibilities of police misconduct. In this case, a defense attorney detected noticeably different signatures of one police officer in four different cases. Moreover, different signatures of that police officer appear on the supporting depositions filed in the instant case. The possibility of such blatant disregard of the importance of verified documents filed with the court by members of the police force must not pass unnoticed. As the Mollen Commission recently reported: "Police perjury and falsification of official records is a serious problem facing the Department and the criminal justice system * * * When the police lose their credibility, they significantly hamper their own ability to fight crime and help convict the guilty. A police officer’s word is a pillar of our criminal justice system.” (Commn to Investigate Allegations of Police Corruption & Anti-Corruption Procedures of Police Dept, July 7, 1994, at 36.)
Certainly, the police department must take steps to ensure that there is no impropriety when undercover police officers sign supporting depositions. Likewise, the court cannot sit by silently when evidence suggesting misconduct is made known. Therefore, this court strongly urges that documents signed using only an undercover officer’s shield number be verified before another person as set forth in CPL 100.30 (1) (a), (b), (c) and (e). The form notice found in CPL 100.30 (1) (d) that false statements are punishable as a class A misdemeanor should not be used in such cases.