OPINION OF THE COURT
Joseph J. Maltese, J.
This decision addresses the issue of whether an undercover *206 police officer must be identified by at least a badge number on the complaint and the supporting deposition filed with the court.
FACTS
The defendant was arraigned on the charge of patronizing a prostitute in the fourth degree (Penal Law § 230.03), a class B misdemeanor, on September 23, 1994. Under the speedy trial law of New York, the People must be "ready for trial” within 60 days if the highest charged crime is a class B misdemeanor (CPL 30.30 [1] [c]).
After several adjournments the case was then adjourned until November 23, 1994. However, the People filed a certificate of readiness and a copy of a supporting deposition by the undercover police officer who had witnessed the alleged incident, on November 21, 1994.* The undercover police officer did not sign the supporting deposition with her name, but with her badge number. However, the officer’s badge number was redacted on both the copy filed with the court and the copy served upon the defense. No originally signed supporting deposition has been filed with the court.
On November 23, 1994 the unredacted original supporting deposition was shown to the court, the People then announced ready, and the case was adjourned until January 6, 1995 for defense motions. This 44-day period is not charged to the People (see, CPL 30.30 [4] [a]). On January 6, 1995, the People again announced ready and the case was again adjourned for motion practice until February 24, 1995 when the instant speedy trial motion was made (CPL 30.30 [1] [b]). This 49-day period is likewise excludable. Additionally, on February 24, 1995 the People filed an unredacted copy of the undercover officer’s affidavit.
The defense argues that the People have never been "ready” because the complaint only stated that the deponent, the arresting officer, was informed by "an undercover officer,” who was not identified by either name or badge number. Moreover the copy of the supporting deposition filed with the court did not contain either the signature or the badge number of the undercover officer.
*207 DISCUSSION
In support of their position the defense cites to People v Drucker (159 Misc 2d 205 [Grim Ct, Bronx County 1993]) where the supporting deposition contained the undercover officer’s badge number, but no name or badge number was contained in the complaint. Additionally, the undercover officer did not allege in the supporting deposition that he or she was the same undercover officer that was referred to in the complaint. The court held that the supporting deposition was insufficient to convert the complaint to an information because it failed to establish, by nonhearsay allegations, every element of the offense charged and the defendant’s commission thereof (see, CPL 100.15 [3]; 100.40, 170.35 [1]; People v Alejandro, 70 NY2d 133 [1987]). The court in Drucker (supra) was unable to determine on the face of the documents whether the same undercover officer who made the factual allegations contained in the complaint was the same undercover officer who executed the supporting deposition affirming the truth of same.
The signing of a document with a badge number has long been recognized as a way in which "to insure the safety of a decoy or undercover officer whose effectiveness and personal safety would be threatened by premature disclosure of his identity” (People v Mercado, 123 Misc 2d 775 [Grim Ct, NY County 1984] [holding that an undercover officer’s subscription of his badge number was a valid signature]; see also, People v Goggins, 34 NY2d 163 [1974]).
General Construction Law § 46 provides that "[t]he term signature includes any memorandum, mark or sign, written * * * or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument or writing.” The form of "U/C [badge number]” has been held to be a valid signature under the General Construction Law (see, People v Burton, 156 Misc 2d 257, 258 [Grim Ct, Queens County 1992]; People v Mercado, supra). Additionally, when a signature appears on a supporting affidavit under the "form notice” that "false statements made * * * [on the document] are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law”, as was done in the case at bar, the document is legally verified (see, People v Burton, supra; CPL 100.30 [1] [d]).
In People v Kenrick (162 Misc 2d 75 [Crim Ct, NY County 1994]) Judge Parker held in a situation where the signature of *208 "U/C [badge number]” was alleged to be different in form from three other "signatures” of the same badge number on other supporting depositions, that the People had to prove at a hearing that the undercover officer read the complaint and signed the supporting depositions verifying the facts in the complaint by clear and convincing evidence.
The case at bar appears to be one of first impression in that neither the complaint nor the supporting deposition originally filed with the court contains either the undercover officer’s signature or badge number. While this court agrees that the People are permitted to have undercover officers "sign” documents with their badge number rather than their name, the filing of a copy of a supporting deposition with the court of a redacted badge number goes one step further. This court understands that the court files are public records accessible to the defense. Perhaps, this has become the practice of the District Attorney’s office due to an increased scrutiny by the court and the defense bar as to the "form” of the "signature” and is an effort to avoid the type of hearing ordered by Judge Parker in Kenrick (supra).
However, this in no way justifies "hiding the ball” from the court. The justification for allowing an undercover officer to sign with a badge number rather than his or her name is a sufficient safeguard absent any demonstrations that it is not, by the People. The practice of not serving the court with an originally "signed” signature or badge number is not justified. Without corroborating the statements in the complaint by the same undercover officer who is identified therein and in the supporting deposition there is no safeguard to prevent hearsay statements from being used in the prosecution of the charge.
Therefore, as the People were clearly not even arguably "ready” until November 23, 1994 when they "showed” an unredacted copy of the affidavit to the court (the 61st day) this case must be dismissed as the defendant was denied his statutory right to a speedy trial (CPL 30.30 [1] [c]). In fact, an argument can be made that the People were not ready until February 24, 1995, when they finally filed an unredacted copy of the affidavit with the court.
Accordingly, the defendant’s motion to dismiss is granted.

 The People in their papers admit that "the People are charged with time between September 23, 1994 and November 23, 1994,” a total of 61 days. However, the People filed their certificate of readiness on the 59th (Nov. 21) and not the 61st day. Perhaps a Freudian slip.