OPINION OF THE COURT
John H. Wilson, J.
Each defendant is charged with one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor, and one count of unlawful possession of marijuana (Penal Law § 221.05), a violation.
By motions dated January 5, 2014, and March 24, 2014, respectively, each defendant seeks dismissal of the criminal court complaint pursuant to CPL 30.30, asserting that the People have failed to comply with the time limitations imposed upon the prosecution of misdemeanors.
The court has reviewed the court files for each docket, defendants’ motions, and the People’s responses, each dated April 21, 2014.
For the reasons stated below, defendant LaShawn Graham’s motion to dismiss pursuant to CPL 30.30 is granted, while defendant Darlene Beckett’s motion is denied. The court finds that under docket number 2013BX047798, the matter of defendant Darlene Beckett, the People are only charged with 71 days to date. Further, under docket number 2013BX047799, in the matter of defendant LaShawn Graham, the court finds that the People are charged with 91 days to date.
Factual Allegations
Pursuant to a search warrant “signed by the Honorable Judge J. Burke on August 8, 2013,” on August 15, 2013, at ap *562 proximately 12:15 p.m., Police Officer Brian Pastula entered 5210 Broadway, apartment 4A, Bronx, New York. Both defendants were arrested during the execution of the search warrant. {See criminal court complaint for each docket dated Aug. 16, 2013 at 1.)
Officer Pastula asserts that at the time he arrested defendant Graham, who was apparently outside of the apartment at the time the search warrant was executed, he found “a set of keys” in defendant Graham’s “pants pocket” that the officer used “to gain entry to the above location.” {See criminal court complaint for each docket dated Aug. 16, 2013 at 1.)
Once inside the location, the officer observed defendant Beckett “standing by the front door inside of the above location.” {See criminal court complaint for each docket dated Aug. 16, 2013 at 1.)
Officer Pastula asserts that during the search of the apartment, he recovered “in the dresser of the living room, one (1) white round pill, and one (1) black twist containing a white powdery residue.” The officer also states he recovered “one piece of brown paper containing a green leafy substance on the table in the bedroom.” {See criminal court complaint for each docket dated Aug. 16, 2013 at 1.)
Based upon the officer’s “training and experience in the recognition] of controlled substances and marijuana . . . and their packaging, the aforementioned substance is alleged and believed to be Oxycodone, cocaine residue, and marijuana, respectively.” {See criminal court complaint for each docket dated Aug. 16, 2013 at 1-2.)
Officer Pastula also states that “he observed in . . . the pocket of a jacket in the common room close[t], one (1) bullet (a metal casing topped with a metal projectile).” {See criminal court complaint for each docket dated Aug. 16, 2013 at 2.)
Legal Analysis
(A) The People’s assertion of conversion of the complaint to an information does not equate to an effective statement of readiness.
The top count of the criminal court complaint in each docket is a class A misdemeanor. Thus, 90 days is the applicable time limit for each case. (See CPL 30.30 [1] [b]; People v Cooper, 98 NY2d 541, 543 [2002] [“CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action”].)
*563 As noted above, defendants were both arrested on August 15, 2013, but each was arraigned separately on the next day. Initially both defendants were charged with two counts of criminal possession of a controlled substance in the seventh degree, and possession of ammunition (Administrative Code of City of NY § 10-131 [i] [3]), another class A misdemeanor. The People stated not ready as to the ammunition charge at each defendant’s arraignment, but indicated their readiness to proceed on all other charges. Ms. Beckett’s matter was then adjourned to August 21, 2013, for full conversion; Ms. Graham’s case was adjourned to August 20, 2013 for the same purpose.
Though the People stated ready at arraignments for some of the charges in each case, the determination of whether or not an adjournment is included or excluded as to all charges in each matter “is to be made when the defendant moves to dismiss on speedy trial grounds, and not at the time the adjournment is granted.” (See People v Berkowitz, 50 NY2d 333, 349 [1980].) Further, this court has a “positive obligation” to make “meaningful inquiries]” to determine the truthfulness of the People’s statement of readiness. (See People v Jones, 126 Misc 2d 919, 924 [Crim Ct, NY County 1984].) Thus, this court will review whether the statement of readiness made by the People at each defendant’s arraignment accurately reflected their status at the time the statement was made in each case.
The laboratory analysis for the various substances recovered in this matter indicates that the materials to be tested were submitted to the lab on August 16, 2013. However, those substances were not actually assigned to a chemist and tested until August 20, 2013, five days after each defendant’s arraignment.
Further, as will be discussed further below, the laboratory report also indicates that the “bag,” described in the complaint as a “black twist,” contained “no visible residue.”
For the People to be actually ready to proceed to trial, they must satisfy one of the necessary elements of their direct case; they must have proof that the substances recovered from the subject apartment were a controlled substance and marijuana.[1] If that proof was not available until five days after their statement, then the People’s statement of readiness at defend *564 ant’s arraignment was “merely an illusory [statement] of future readiness.” (See People v Colon, 42 Misc 3d 1228[A], 2014 NY Slip Op 50243[U], *4 [Crim Ct, Bronx County 2014], citing People v Nunez, 47 AD3d 545, 546 [1st Dept 2008].)
On this basis alone, then, the People must be charged with the time between August 16, 2013 and the next scheduled court date for each defendant.
The People rely upon People v Kalin (12 NY3d 225, 230 [2009]), for their assertion that “a laboratory report is not necessary in order to satisfy the prima facie requirements of a sufficient complaint.” (See People’s mem of law dated Apr. 21, 2014, in opposition to defendant’s motion to dismiss at 3, respectively.) This reliance is misplaced, and constitutes a fundamental misuse and misreading of the holding in Kalin.
Kalin states that “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, [those allegations] should be given a fair and not overly restrictive or technical reading.” (12 NY3d at 230, citing People v Konieczny, 2 NY3d 569, 575 [2004], and People v Casey, 95 NY2d 354, 360 [2000].) Thus, under Kalin, “the sworn allegations by the arresting officer were sufficient to satisfy the requirements of an information.” (See People v Jennings, 34 Misc 3d 137[A], 2011 NY Slip Op 52407[U], *1 [App Term, 2d Dept, 11th & 13th Jud Dists 2011]; People v Mack, 29 Misc 3d 140[A], 2010 NY Slip Op 52073[U] [App Term, 1st Dept 2010].)
The People’s understanding of the holding in Kalin leads to their assertion that a laboratory report is unnecessary to convert the two counts of criminal possession of a controlled substance in the seventh degree, and the charge of unlawful possession of marijuana in each matter.[2] Yet, there is nothing in the Kalin decision that allows the People to equate conversion of the complaint to an information with readiness for trial.
*565 In fact, as demonstrated above, since the substances recovered were not assigned to a chemist and tested until August 20, 2013, several days after the People’s August 16, 2013 statements of readiness, then the People could not have been ready to satisfy their burden of proof and establish all elements of the charges at the time they stated ready in either case.
Even assuming, arguendo, that the People’s statements of readiness at each defendant’s arraignment was not demonstrably illusory, each complaint in each docket still does not satisfy the requirements of Kalin, rendering each facially insufficient.
Here, the Kalin Court’s warning regarding conversion in the absence of a laboratory report is particularly instructive: “[standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement.” (12 NY3d at 229.)
In fact, those factual allegations must “ ‘provide [ ] some information as to why the officer concluded that the substance was a particular type of illegal drug.’ ” (See People v Oliver, 31 Misc 3d 130[A], 2011 NY Slip Op 50581[U], *2 [App Term, 2d Dept, 11th & 13th Jud Dists 2011], lv denied 17 NY3d 954 [2011], citing Kalin, 12 NY3d at 231-232.) Only if this requirement is satisfied do the allegations in the complaint give a defendant “sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy.” (Oliver, 31 Misc 3d 130[A], 2011 NY Slip Op 50581[U], *2, citing Kalin, 12 NY3d at 231-232.)
On the face of each complaint, Officer Pastula asserts that the substances recovered are “one (1) white round pill . . . one (1) black twist containing a white powdery residue . . . [and] . . . one piece of brown paper containing a green leafy substance.” (See criminal court complaint for each docket dated Aug. 16, 2013 at 1.) The pill and “black twist” were recovered “in the dresser of the living room,” while the “one piece of brown paper” was recovered “on the table in the bedroom.” (See criminal court complaint for each docket dated Aug. 16, 2013 at 1.)
Officer Pastula also states that based upon his “training and experience in the recognition] of controlled substances and marijuana . . . and their packaging, the aforementioned substance is alleged and believed to be Oxycodone, cocaine residue, and marijuana, respectively.” (See criminal court complaint for each docket dated Aug. 16, 2013 at 1-2 [emphasis added].)
*566 There are no facts of an evidentiary nature stated in either complaint to support the officer’s conclusions as to the nature of the substances recovered. In particular, there is no description of any specific “training and experience” the officer has that would allow him to identify a “white round pill” as the prescription medication Oxycodone.
Further, to this court’s knowledge, a “white round pill” found in a dresser drawer is not contained within “packaging” which, in and of itself, would commonly indicate to anyone, trained or untrained, the presence of Oxycodone in said pill. A “white round pill” in a dresser drawer could be anything from an aspirin to a piece of candy. “Brown paper” is also not, in and of itself, the common packaging for marijuana.
In evaluating the officer’s assertion regarding his “training and experience” in the identification of narcotics, it is important to note that Officer Pastula was incorrect in his identification of a “black twist containing a white powdery residue.” According to the laboratory analysis, that “bag” contained “no visible residue” whatsoever.
Thus, each statement of readiness made by the People at each defendant’s arraignment was illusory, nothing more than a prediction of future readiness. Further, the officer’s conclusory allegations do not support the charges and are facially insufficient in the absence of a laboratory report. As such, each statement was ineffective.
(B) Based upon the insufficiency of the People’s statement of readiness, defendant Graham’s motion to dismiss pursuant to CPL 30.30 must be granted.
Given the ineffective and illusory statement of readiness made by the People at each defendant’s arraignment, as to defendant Beckett, the time from August 16, 2013 to August 21, 2013 (five days) is charged to the People as to all charges. As to defendant Graham, the time from August 16, 2013 to August 20, 2013 (four days) is charged to the People as to all charges.[3]
On August 20, 2013, in defendant Graham’s matter, the People stated not ready. The matter was adjourned to October 10, 2014, however, the matter was advanced to September 17, 2013 to join defendant Beckett’s matter. As discussed above, the time between August 20, 2013 and September 17, 2013 (28 days) is charged to the People in defendant Graham’s matter.
*567 On August 21, 2013, defendant Beckett’s matter was adjourned to September 17, 2013 to join the codefendant’s case. This time is excluded.
On September 17, 2013, present defense counsel was appointed to each defendant in each matter. Both matters were then adjourned for conversion to November 13, 2013. As discussed above, this time (57 days) is charged to the People in each case.
On November 13, 2013, the People again stated not ready in each matter. Each was then adjourned to November 15, 2013. This time (two days) is charged to the People in each case.
On November 15, 2013, the People filed a laboratory report, and stated ready on the record in each matter. Based upon the laboratory report’s findings, and the failure to secure a ballistics report, the People withdrew one count of criminal possession of a controlled substance in the seventh degree (regarding the alleged cocaine residue), and the ammunition charge, but stated ready for trial on the remaining charges on each docket.
Under People v Kendzia (64 NY2d 331, 337 [1985]),
“there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court ... or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record.”
The People’s in-court statement of readiness on November 15, 2013 in each matter would satisfy this requirement for the remaining charges present on each docket.
These matters were then adjourned for trial to January 23, 2014. Thus, the time from November 15, 2013 to January 23, 2014 is excluded.
On January 23, 2014, in defendant Beckett’s matter, the People stated not ready for hearings and trial, and requested one week. Though the matter was adjourned to March 17, 2014, it is well settled that post readiness, the People are to be charged with only the amount of time they request. (See People ex rel. Sykes v Mitchell, 184 AD2d 466, 468 [1st Dept 1992]; People v Urraea, 214 AD2d 378 [1st Dept 1995].) Thus, the People will only be charged with the seven days they requested between January 23, 2014 and March 17, 2014 in Ms. Beckett’s case.
Defendant Graham filed the subject motion to dismiss between the November 15, 2013 to January 23, 2014 adjourn *568 ment. On March 17, 2014, defendant Beckett requested a schedule for the filing of the instant motion.
Since all subsequent adjournments have been for the purpose of considering defendants’ motions to dismiss, all further time is excluded under CPL 30.30 (4) (a).
Thus, in the case of defendant Beckett, if we add the five days charged to the People between August 16, 2013 and August 21, 2013 to the 57 days charged to the People between September 17, 2013 and November 13, 2013, to the two days charged to the People between November 13, 2013 and November 15, 2013, to the seven days charged to the People between January 23, 2014 and March 17, 2014, the People are charged with a total of only 71 days to date in this matter.
In the case of defendant Graham, if we add the four days charged to the People between August 16, 2013 and August 20, 2013 to the 28 days charged to the People between August 20, 2013 and September 17, 2013, to the 57 days charged to the People between September 17, 2013 and November 13, 2013, to the two days charged to the People between November 13, 2013 and November 15, 2013, the People are charged with a total of 91 days to date in this matter.
Therefore, defendant Graham’s motion to dismiss pursuant to CPL 30.30 is granted. Sealing is stayed in each matter for 30 days.
Defendant Beckett’s motion is denied, since only 71 days to date are charged to the People.
All other arguments and requests for any additional hearings and relief that have been advanced by the defendants and the People have been reviewed and rejected by this court as being not applicable, or without merit.

. See CJI2d(NY) Penal Law § 220.03 (“In order for you to find the defendant guilty of this crime, the People are required to prove, from all the evidence in the case, beyond a reasonable doubt, each of the following . . . elements: 1. That [what the] defendant. . . possessed [was in fact Oxycodone or *564 marijuana]”); 221.05 (“In order for you to find the defendant guilty of this offense, the People are required to prove, from all the evidence in the case, beyond a reasonable doubt, both of the following two elements: 1. That . . . the defendant. . . possessed marihuana”).

. Ironically, the People do not seek to apply their understanding of Kalin to the ammunition charge present on each docket, and claim readiness to proceed in the absence of a ballistics report. This could be due to the lack of any language in either complaint regarding the officer’s training and experience in the identification of bullets. Regardless, this inconsistency points to the error of logic made overall by the People’s misuse of the Kalin analysis in drug possession matters.

. These calculations exclude the actual day of arraignment. (See People v Stiles, 70 NY2d 765 [1987]; People v Eckert, 117 Misc 2d 504 [Syracuse City Ct 1983].)