*239 OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant, charged with criminal trespass in the second degree (Penal Law § 140.15 [1]), petit larceny (Penal Law § 155.25), and criminal possession of stolen property in the fifth degree (Penal Law § 165.40), moves to dismiss for facial insufficiency. His specific argument is that the supporting deposition, signed by one “Y.V.,”[1] failed to convert the misdemeanor complaint into an information because the misdemeanor complaint contains allegations attributed to an unnamed informant—“a person of an address known to the district attorney’s office”—without attributing them to Y.V. specifically.
The court disagrees, and concludes that the supporting deposition of Y.V. did, in fact, convert the misdemeanor complaint to an information. Accordingly, defendant’s motion to dismiss is denied.[2]
I. Factual Background
A. The Allegations
On October 9, 2014, defendant and his codefendant were captured on video entering the complainant’s apartment in Upper Manhattan with an empty shopping cart. When they left the apartment, defendant was carrying a television set, and the codefendant was pushing the cart, which was now filled with other items. All of this occurred without permission or authority.
B. Legal Proceedings
Defendant was arraigned on May 30, 2014 on a felony complaint charging him with burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the fourth degree (Penal Law § 155.30 [1]), and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]). The court released the defendant and adjourned the case for grand jury action.
On February 5, 2015, the court granted the People’s motion to reduce all of the charges to misdemeanors. Specifically, the *240 court reduced the burglary count to criminal trespass in the second degree (Penal Law § 140.15 [1]), the grand larceny count to petit larceny (Penal Law § 155.25), and the count charging criminal possession of stolen property in the fourth degree to criminal possession of stolen property in the fifth degree (Penal Law § 165.40). The court then adjourned the case for a supporting deposition.
On April 9, 2015, the People filed, off-calendar, a certificate of readiness and the supporting deposition of “Y.V.” Defendant filed the instant motion to dismiss on July 22, 2015, although the court did not become aware of it until August 5. The matter has been sub judice since then.
II. The Accusatory Instrument
The misdemeanor complaint, sworn to by Detective Richard Ware, provides that
“I am informed by a person of an address known to the District Attorney’s Office that on October 9, 2014, at approximately 6:00 pm inside of 516 West 169th Street, Apt 3, she observed that a 50 inch television, Apple iPad, and laptop computer were missing from inside of her apartment at the above location. I am further informed by the informant that the informant observed, on video, the defendants enter her apartment at the above date at approximately 3:00 pm and defendant Pachesa was pushing an empty shopping cart into the apartment. I am further informed by the informant that the informant observed, on video, the defendants exit her apartment and defendant Pachesa was holding the 50 inch television, while [co-defendant] was pushing the shopping cart, which was now filled with items.
“I am further informed by the informant that the value of the items taken from her apartment was $2,750.00 USC. I am further informed by the informant that the defendant did not have permission or authority to enter her apartment or to take or possess her property.”
The supporting deposition, which bears the same docket numbers as those on the complainant, provides as follows:
“I, [Y.V.], of an address known to the District Attorney’s Office, County of New York, State of New York, being duly sworn, depose and say that I have *241 read the attached criminal complain [t], The facts in it that are attributable to me are true, and I know these facts from my personal knowledge.”
III. Discussion
Cases discussing whether a supporting deposition that is subscribed to by a named individual can convert a misdemeanor complaint in which the informant is not named are sparse. But, while a few courts have concluded that such a supporting deposition does not convert (e.g. People v Drucker, 159 Misc 2d 205 [Crim Ct, Bronx County 1993]), this court disagrees. At least on the facts presented here, the court concludes that the supporting deposition of Y.V. converted the misdemeanor complaint, even though Y.V. is not mentioned by name as the informant in the misdemeanor complaint, and Y.V. did not in the supporting deposition expressly identify herself as that informant.
A. Misdemeanor Charging Instruments
A “misdemeanor complaint” is a “verified written accusation by a person . . . charging one or more other persons with the commission of one or more offenses, at least one of which is a misdemeanor and none of which is a felony” (CPL 100.10 [4]). A misdemeanor complaint “serves as a basis for the commencement of a criminal action, but it may serve as a basis for prosecution thereof only where a defendant has waived prosecution by information” (id.).
A misdemeanor complaint can be based entirely on hearsay (CPL 100.15 [3]). An information, by contrast, must contain “non-hearsay allegations” in support of every element of all of the charged offenses and in support of the defendant’s commission of those offenses (CPL 100.40 [1] [c]).
A misdemeanor complaint may be converted into an information through the filing of one or more supporting depositions. A “supporting deposition” is a
“written instrument accompanying or filed in connection with ... a misdemeanor complaint . . . subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein” (CPL 100.20).
*242 The misdemeanor complaint, read together along with one or more supporting depositions, can accordingly be treated as an information, as long as the “non-hearsay allegation” requirement is met.
B. The Instrument is an Information
Here, once the felony complaint was reduced, the accusatory instrument became a misdemeanor complaint; it met all of the formal requirements of a misdemeanor complaint but, because it contained hearsay, was not an information. As of this writing, defendant has not waived prosecution by information. Accordingly, the case can only move forward to trial if the misdemeanor complaint has been converted to an information, which the People claim that they achieved when they filed the supporting deposition of Y.V. The court finds that this effort was successful.
In arguing that the misdemeanor complaint remains unconverted, defendant must argue, in essence, that the supporting deposition was invalid or otherwise defective in some way that caused it not to convert the misdemeanor complaint. To address this argument, the court turns to the requirements of CPL 100.20. That section requires, as pertinent here, that a document purporting to be a supporting deposition: (1) be written; (2) be filed in connection with a misdemeanor complaint; (3) be subscribed and verified by a person other than the deponent who swore to the misdemeanor complaint; and (4) contain factual allegations of an evidentiary character based on the deponent’s personal knowledge that supplement the allegations in the misdemeanor complaint and support or tend to support the charges.
All of these stipulations are met here. The supporting deposition is written, was filed in connection with a misdemeanor complaint, and Y.V. is not the deponent who swore out the misdemeanor complaint. The only real question, then, is whether the supporting deposition here meets the “personal knowledge” requirement.
It does. First, the allegations in the supporting deposition are of an “evidentiary character.” A factual allegation of an “evidentiary character” is a “nonconclusory description[ ] of what the deponent personally observed, heard or experienced” (People v Concepcion, 36 Misc 3d 551, 553 [Crim Ct, NY County 2012]). It is “the written equivalent of competent and relevant testimony which the deponent could give orally if called as a *243 witness” (People v Phillipe, 142 Misc 2d 574, 578 [Crim Ct, Kings County 1989]; see also People v Morris, 44 Misc 3d 810 [Crim Ct, NY County 2014] [same]).
This standard is met here. In the supporting deposition, Y.V. has sworn that she read the misdemeanor complaint, and that she knows, based on her personal knowledge, that the allegations contained in it are true. For this same reason, the allegations in the supporting deposition supplement those in the misdemeanor complaint and tend to support the charges. Nothing more is required. The supporting deposition accordingly satisfies CPL 100.20 completely.
While this point might have been clearer if Y.V. had expressly indicated that she was the informant described in the misdemeanor complaint before verifying that its allegations were true, the inference that Y.V. is indeed that informant is perfectly clear and reasonable. The deponent in the misdemeanor complaint refers only to one informant. All of the facts that alleged are attributed to that same informant: a person who came home, discovered that her property was missing, saw the defendant and the codefendant on video enter the apartment with an empty shopping cart and exit with a full cart, and who has asserted that those persons did not have permission or authority either to enter her home or take her property.
Y.V. is obviously that informant. If she were not, she could not have sworn that facts contained in the misdemeanor complaint that were “attributable to” her were true. There would not have been any. Clearly, when she read the misdemeanor complaint, as she has sworn that she did, she recognized her own account of the facts. She remembered the events described, remembered reporting them to the deponent who swore out the misdemeanor complaint, and has sworn that the facts she reported to that deponent are true.
But even if this analysis is incorrect, and Y.V. is not the informant who reported the facts to the deponent, it would not matter. The only requirement contained in CPL 100.20 with respect to identity is that a supporting deposition cannot be signed by the deponent who swore out the misdemeanor complaint. That section does not require that the supporting deposition be signed by the same informant who spoke to the deponent. Any person who has firsthand knowledge of the facts contained in a misdemeanor complaint, and who can truthfully swear that those facts are true based on her personal knowledge, can sign a supporting deposition, even if she is not the *244 informant referred to in the misdemeanor complaint (see People v Negron, 49 Misc 3d 392, 397 [Crim Ct, Kings County 2015] [there is no “rule requiring that the signer of a supporting deposition be the informant named in the complaint” because CPL 100.20 “does not limit the field of individuals who can provide a supporting deposition to persons named as a source of information in the filed accusatory instrument”]).
This means that, even if there are two individuals, Y.V. and “A.B.,” both of whom occupied the same apartment, discovered that there was property missing from the apartment, viewed the videos, and knew that the persons depicted in the video lacked permission to enter the apartment and take the property, it would not matter if A.B. was the informant who furnished the allegations to the deponent who swore out the misdemeanor complaint. The supporting deposition of Y.V. would still convert the misdemeanor complaint to an information because she, too, swore that she read the misdemeanor complaint and has personal knowledge of the allegations it contains.
For these reasons, the supporting deposition of Y.V. converted the misdemeanor complaint into an information.
C. Defendant’s Cases are Either Inapposite or Unpersuasive
The court is not persuaded to rule differently by the cases relied on by the defendant. He first cites two Court of Appeals cases, Matter of Wesley M. (83 NY2d 898 [1994]) and Matter of Rodney J. (83 NY2d 503 [1994]). In each case, the Court upheld the dismissal of a juvenile delinquency petition where a supporting document necessary to establish an element of the charged offense contained hearsay. In Rodney J., the petition did not allege that a firearm was operable, and the ballistics report confirming operability that was filed in support contained “no indication” that the person who signed the report was the person who performed the test (83 NY2d at 507). In Wesley M., the Court reached the same conclusion where there was “no indication” that the person who signed a laboratory report was actually the individual who had tested the drugs (83 NY2d at 900).
But this case is different. It is not true that there is “no indication” that Y.V. is the informant referred to in the misdemeanor complaint. To the contrary, there is an obvious and reasonable inference that she is. And arriving at that inference does not require the type of sheer speculation that the *245 Court of Appeals has forbidden. In Rodney J. (83 NY2d at 507), the Court rejected the argument that it was “likely” that the person who signed the report was also the person who conducted the test, where that person attested only to the fact that the report was a true copy of the original (see also Wesley M., 83 NY2d at 900 [same]). Here, by contrast, Y.V. swore that she read the misdemeanor complaint and swore that she had personal knowledge that the facts it contains are true. If the signers in Rodney J. and Wesley M. had sworn that they knew personally that the facts contained in their reports were true, those cases would have turned out differently.
Defendant also relies on People v Drucker (159 Misc 2d 205 [Crim Ct, Bronx County 1993]), a case that is clearly on all fours with the instant case. Drucker, a CPL 30.30 case, involved a misdemeanor complaint in which all of the allegations were hearsay, furnished to the deponent by “Undercover Police Officer (known to your deponent)” (id. at 206). The court held that a supporting deposition signed only with an undercover police officer’s badge number did not convert the misdemeanor complaint into an information because the misdemeanor complaint did not refer to the informant by badge number, and the informant who signed the supporting deposition did not expressly indicate that “he is in fact the same informant mentioned in the complaint” (id. at 207). Thus, since there had never been a valid information and more than 60 days had run, the court dismissed the case pursuant to CPL 30.30 (see also People v Zavulunov, 165 Misc 2d 205 [Crim Ct, Kings County 1995] [CPL 30.30 dismissal where, although it appears that the misdemeanor complaint referred to an undercover officer by badge number, the badge number was redacted from the signature line of the supporting deposition]).
This court disagrees with the reasoning of Drucker and declines to follow it.
“[E]ven where a defendant has pointed to an irregularity in the accusatory instrument, it is clear . . . that not every deficiency implicates the jurisdiction of the court. So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Konieczny, 2 NY3d 569, 575 [2004] [citation and internal quotation marks omitted]).
*246 It would be inconsistent with the Court of Appeals’ insistence that accusatory instruments not be construed in a hypertechnical manner to simply ignore the obvious inference that the supporting deposition establishes that Y.V. is the informant referred to in the misdemeanor complaint. And the Court would have reached the same conclusion on the facts of Drucker. To this court, it seems perfectly obvious that the undercover officer who swore that he had read the misdemeanor complaint in that case, and who swore that the allegations in it that were attributable to him were true, was in fact the informant referred to. As here, that officer could not have so sworn if he were not.
D. Conclusion
The misdemeanor complaint and the supporting deposition, read together, contain allegations of fact that “give [the defendant] notice sufficient to prepare a defense and are adequately detailed to prevent [him] from being tried twice for the same offense” (People v Casey, 95 NY2d 354, 360 [2000]). Nothing more is required. Defendant’s motion to dismiss is accordingly denied.
IV. Conclusion
For the foregoing reasons, defendant’s motion to dismiss is denied.

. To protect the complainant’s privacy, her name and address are not used in this decision.

. In any event, even if the court agreed with defendant’s argument, dismissal would not be the appropriate remedy. Adjournment for conversion would be. (See e.g. People v Rivera, 45 Misc 3d 386 [Crim Ct, NY County 2014] [adjourned for conversion where trademark affidavit contained hearsay and did not convert the misdemeanor complaint].)