The People of the State of New York, Appellant,
against
Davito Guillermo, Defendant-Respondent.




The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Shari Ruth Michels, J.), dated June 19, 2019, which granted defendant's motion to dismiss the accusatory instrument based upon statutory speedy trial grounds.




Per Curiam.
Order (Shari Ruth Michels, J.), dated June 19, 2019, reversed, on the law, motion denied, the accusatory instrument reinstated, and matter remanded to Criminal Court for further proceedings.
The misdemeanor complaint charged defendant with various offenses based upon allegations that he sold marijuana to an undercover police officer. The complaint, sworn to by a police detective, contained statements attributed to an "undercover police officer," indicating that the latter had a drug-related conversation with defendant regarding the purchase of marijuana, and said undercover police officer handed defendant a sum of pre-recorded buy money in exchange for one ziplock bag containing marijuana. On November 13, 2018, the people filed a notice of readiness along with a supporting deposition of "UC #373," wherein said individual indicated that "the facts stated in that complaint to be on information furnished by me are true upon my personal knowledge."
Defendant's motion to dismiss the accusatory instrument on speedy trial grounds should have been denied. The People's November 13, 2018 notice of readiness filed along with the supporting deposition of "UC #373," effectively stopped the "speedy trial" clock, inasmuch as the counts of the accusatory instrument were "deemed" converted to an information on that date (CPL 170.65[1]; People v Vargas, 55 Misc 3d 130[A], 2017 NY Slip Op 50387[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1088 [2017]). Contrary to the conclusion reached below, the supporting deposition converted the complaint to an information even though UC #373 did not expressly indicate that he was the "undercover officer" described in the complaint. Giving the accusatory instrument "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People [*2]v Davis, 13 NY3d 17, 31 [2009]) that UC #373 is indeed that informant (see People v Pachesa, 50 Misc 3d 238, 242-243 [2015]). The deponent in the complaint refers only to one "undercover police officer" informant, and UC #373 signed the supporting deposition under penalty of perjury (see CPL §100.30[1][d]), acknowledging that he read the misdemeanor complaint and that the facts stated therein were based on information "furnished by" him and were true upon his "personal knowledge." 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 27, 2020